CHESTER C. DAVIS, DAVIS & COX, a Partnership, MAXWELL E. COX, HOWARD M. JAFFE and D. MARTIN COOK, Petitioners, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, and THE HONORABLE J. CHARLES THOMPSON, Respondents.　　No. 12808

FRANK WILLIAM GAY, LEVAR BEEBE MYLER and JOHN M. HOLMES, Jr., Petitioners, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, and THE HONORABLE J. CHARLES THOMPSON, Respondents.

No. 13012

FIRST NATIONAL BANK OF NEVADA, Nevada Co-Special Administrator of the Estate of Howard Robard Hughes, Jr. (Deceased); WILLIAM R. LUMMIS, Nevada Co-Special Administrator of the Estate of Howard Robard Hughes, Jr. (Deceased) and Texas Temporary Co-Administrator of the Estate of Howard Robard Hughes, Jr. (Deceased); SUMMA CORPORATION: HUGHES AIR CORP., d/b/a Hughes Airwest, and HUGHES PROPERTIES, INC., Petitioners, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; THE HONORABLE J. CHARLES THOMPSON, District Judge, Eighth Judicial District Court; HOWARD LORENZO ECKERSLEY; JAMES H. RICKARD; and WILBUR SUTTON THAIN, M.D., Respondents.

No. 13048

June 26, 1981                           629 P.2d 1209

*Lewis, D'Amato, Brisbois & Bisgaard, R. Gaylord Smith,* Los Angeles; *Houston, Moran & Kennedy,* Las Vegas, for Petitioners in 12808.

*Jolley, Urga & Wirth,* Las Vegas; *Sheppard, Mullin, Richter & Hampton, Terence M. Murphy,* Los Angeles, for Petitioners in 13012, for Respondents in 13048.

*Echeverria & Osborne,* Reno; *Kindel & Anderson, Malcolm George Smith,* Los Angeles; *Parson, Behle & Latimer, Gordon L. Roberts,* Salt Lake City; *Fitzgibbons & Beatty,* Las Vegas, for Petitioners in 13048, for Respondents in 12808, 13012.

## OPINION

By the Court, MOWBRAY, J.:

These original proceedings are a consolidation of three cases: in 12808 and 13012, the lower court refused to quash service of process upon petitioners; in 13048, the lower court granted defendant-respondents' motion to quash service of process.

### THE FACTS

On January 24, 1979, a complaint was filed by the Nevada Co-Administrators for the Estate of Howard R. Hughes, Summa Corporation, Hughes Air Corporation, and Hughes Properties (hereinafter collectively referred to as "Summa") against the group of aides, physicians, attorneys, and business executives who had attended the late Hughes during the last years of his life. The complaint alleged essentially that the group conspired to seize control of the Hughes' empire for their own financial gain by taking advantage of the trust and confidence Hughes had placed in them.

All petitioners in 12808 and 13012, except Maxwell Cox, Howard Jaffe, and Martin Cook, and the respondents in 13048 were named as defendants in the original complaint. These out-of-state defendants filed motions to quash service of summons contending that Nevada lacked jurisdiction; the Honorable Paul S. Goldman, District Judge, granted the motions as to petitioners Gay, Myler, Holmes, Davis, Davis and Cox, a partnership, and respondents Eckersley, Rickard, and Thain.

Thereafter, Summa filed a first amended complaint. The defendants again filed motions to quash service of summons, but before the lower court considered these motions, Summa sought leave to file a second amended complaint naming, as additional defendants, petitioners Cox, Jaffe, and Cook. Leave was granted; the second amended complaint was filed on November 28, 1979.

The out-of-state defendants again filed motions to quash service of process. The Honorable J. Charles Thompson, District Judge, to whom the case was then assigned, denied the motions on June 20, 1980, as to petitioners Cox, Davis, Cook, Jaffe, and Davis and Cox, a partnership, number 12808; he also denied the motions as to Gay, Myler and Holmes on November 13, 1980, number 13012; however, on November 14, 1980, the judge granted the motions and quashed service as to respondents Eckersley, Rickard, and Thain, number 13048. From these orders the parties petition this court.

## NUMBER 12808

### General Appearance

In response to Summa's motion for leave to file a second amended complaint, petitioners filed points and authorities in opposition. They appeared and argued before the court. The lower court ruled that petitioners had waived their special appearance, and had submitted themselves to the jurisdiction of the Nevada court.

This court has considered the issue of general and special appearances a number of times, but never in the context of opposing a motion for leave to file an amended complaint. We have held that when a defendant seeks relief additional to that necessary to protect him from service of process, he enters a general appearance. Alitalia-Linee Aeree v. District Court, 92 Nev. 638, 556 P.2d 544 (1976); Deros v. Stern, 87 Nev. 148, 483 P.2d 648 (1971); Havas v. Long, 85 Nev. 260, 454 P.2d 30 (1969); Selznick v. Eighth Judicial District Court, Etc., 76 Nev. 386, 355 P.2d 854 (1960). Petitioners argue that their opposition for leave to amend the complaint was predicated solely upon their assertion that the Nevada court lacked jurisdiction over the defendants; they cite Chitwood v. County of Los Angeles, 92 Cal. Rptr. 441 (Cal.App. 1971). *See also*, Housley v. Anaconda Company, 427 P.2d 390 (Utah 1967).

Our review of the record leads us to conclude otherwise. In resisting the motion petitioners argued that leave to amend should not have been granted because of the prejudicial effect it would have on a related action petitioners had filed in New York against Summa. They also contended that the allegations in the proposed second amended complaint were identical to those in the then filed first amended complaint.[1] During argument before the district court, petitioners' counsel sought

---

[1]Petitioners argued below: "The proposed second amended complaint presents identical *causes of action* to those presented in the first amended

attorneys' fees from Summa as a condition for leave to amend the complaint.[2]

We conclude that petitioners did make a general appearance and submitted themselves to the jurisdiction of the district court. "Where the defendant appears, and asks some relief which can only be granted on the hypotheses that the court has jurisdiction of the cause and person, it is a submission to the jurisdiction of the court." Goodwine v. Superior Court of Los Angeles, 407 P.2d 1, 3 (Cal. 1965).

## *Res Judicata*

Petitioners here, and in case number 13012, suggest that the order of Judge Goldman quashing service of summons on the original complaint is res judicata on the issue of in personam jurisdiction. The second amended complaint basically contains the same causes of action as the original complaint. However, the second complaint alleges, with more specificity, the tortious acts which Summa contends occurred in this state. The question presented is whether the previous order quashing service of process is entitled to the finality which evokes the doctrine of res judicata.

An order quashing service of summons may be attacked only through a writ of mandamus. Jarstad v. National Farm Union, 92 Nev. 380, 552 P.2d 49 (1976). It is not a judgment as defined in our rules of civil procedure: " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies." NRCP 54(a). The time limit for filing an appeal, NRAP 4(a), does not pertain to a writ of mandamus; this extraordinary remedy is subject to the doctrine of laches. Buckholt v. District Court, 94 Nev. 631, 584 P.2d 672 (1978). An order quashing service of summons is not treated as an appealable final judgment under our rules of civil procedure.

Petitioners rely on a number of cases which find a direct estoppel to exist on a jurisdictional issue once decided: MIB, Inc. v. Super. Ct. of Los Angeles Cty., 164 Cal.Rptr. 828

complaint now before the court. The changes effected by the proposed second amended complaint are merely evidentiary—plaintiffs plead numerous disparate evidentiary facts for cosmetic purposes while still failing to allege what defendants told Howard Hughes that was incorrect or what defendants did which was beyond their authority." (Emphasis in original.)

[2]Petitioners' counsel stated: "Rule 15A or B expressly confers upon this court the power to impose conditions and I think the literal terms of that will duly invest you with sufficient power to require plaintiffs to pay me as a condition for permitting them to file something with your Clerk."

(Cal.App. 1980); Radakovich v. Weismann, 359 A.2d 426 (Pa.Super. 1976); Archie v. Piaggio, 245 A.2d 76 (N.H. 1968). However, in each of these cases the order quashing service was directly appealable and it became a final judgment.

Here the order quashing service of process was not appealable and did not obtain the status of a final judgment. The district court did not err in refusing to apply the res judicata doctrine.

### NUMBER 13012
### Burden of Proof

In addition to the issue of res judicata, the inapplicability of which we discussed in number 12808 and incorporate herein, petitioners argue that the lower court failed to apply the correct burden of proof in determining whether sufficient contacts existed to justify the exercise of jurisdiction: they contend that respondents need to have proved the existence of sufficient contacts by a preponderance of the evidence. The lower court ruled that a prima facie showing of sufficient contacts was sufficient. We agree.

When a challenge to personal jurisdiction is made, the plaintiff in the action has the burden of establishing the existence of jurisdiction. Basic Food Indus., Inc. v. District Court, 94 Nev. 111, 575 P.2d 934 (1978). This burden is met by introducing competent evidence of essential facts which establishes a prima facie showing of the existence of in personam jurisdiction. Morrow v. New Moon Homes, Inc., 548 P.2d 279 (Alaska 1976); Harvel v. District Court in & for County of Jefferson, 444 P.2d 629 (Colo. 1968). Unlike the situation in Basic Food Indus., Inc., *supra,* where the plaintiff rested solely upon the allegations of the complaint to establish such jurisdiction, our review of the record in the instant case reveals sufficient evidentiary material set forth in numerous affidavits to satisfy the prima facie standard of proof. The trial judge's ruling was correct.

### NUMBER 13048

The respondents in the two previous cases are the petitioners here seeking a writ of mandamus directing the lower court to exercise its jurisdiction over Eckersley, Rickard, and Thain. We again incorporate our discussion and rulings on the issues of res judicata and the proper burden of proof as set forth in case numbers 12808 and 13012.

## The Nevada Long-Arm Statute

The lower court quashed service of process on respondents Eckersley, Rickard, and Thain in case number 13048.

Summa, in its complaint, had alleged that the said respondent-defendants had conspired out of the state of Nevada to cause injury to Summa's property located in Nevada. The court based its ruling on its conclusion that Nevada's long-arm statute, NRS 14.065, did not apply under the alleged facts.[3] We do not agree.

In Certain-Teed Prods. v. District Court, 87 Nev. 18, 23, 479 P.2d 781, 784 (1971), we held:

> "The broad language used in the statute discloses a legislative intention to reach the outer limits of federal constitutional due process. Such phrases as 'transacting any business within this state,' 'negotiating any commercial paper within the state,' 'committing a tortious act within this state,' are almost without restriction or limitation."

The California long-arm statute shows a similar broad intent by permitting jurisdiction to attach when predicated on any ground not inconsistent with federal due process. C.C.P. § 410.10. The California Judicial Council's annual report construing this section concludes that "A state has power to exercise judicial jurisdiction over an individual who causes effects in the state by an omission or act done elsewhere with respect to causes of action arising from these effects". Quattrone v. Superior Court for County of Los Angeles, 118 Cal.Rptr. 548, 552 (Cal.App. 1975).

We conclude that it is reasonable and constitutionally permissible to require the respondent-defendants to appear and

---

[3]NRS 14.065 provides in pertinent part:

*"Personal service of process on party outside state.*

2. Any person who, in person or through an agent or instrumentality, does any of the acts enumerated in this subsection thereby submits himself and, if an individual, his personal representative to the jurisdiction of the courts of this state as to any cause of action which arises from the doing of such acts:

(a) Transacting any business or negotiating any commercial paper within this state;

(b) Committing a tortious act within this state;

(c) Owning, using or possessing any real property situated in this state;

(d) Contracting to insure any person, property or risk located within this state at the time of contracting; or

(e) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for alimony, child support or property settlement, if the other party to the marital relationship continues to reside in this state.

defend their activities in Nevada where the alleged injuries occurred. As the High Court recently reiterated in World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980):

> "The protection against inconvenient litigation is typically described in terms of 'reasonableness' or 'fairness.' We have said that the defendant's contacts with the forum State must be such that maintenance of the suit 'does not offend "traditional notions of fair play and substantial justice." ' International Shoe Co. v. Washington, *supra,* at 316, quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940). The relationship between the defendant and the forum must be such that it is 'reasonable . . . to require the corporation to defend the particular suit which is brought there.' 326 U.S., at 317. Implicit in this emphasis on reasonableness is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including the forum State's interest in adjudicating the dispute, *see* McGee v. International Life Ins. Co., 355 U.S. 220, 223 (1957); the plaintiff's interest in obtaining convenient and effective relief, see Kulko v. California Superior Court, *supra,* at 92, [436 U.S. 84 (1978)] at least when that interest is not adequately protected by the plaintiff's power to choose the forum, *cf.* Shaffer v. Heitner, 433 U.S. 186, 211, n. 37 (1977); the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies, seek Kulko v. California Superior Court, *supra,* at 93, 98." (Citation added.)

The court below erred in granting the motion to quash the service of process.

For these reasons we deny the petitions in numbers 12808 and 13012, and we grant the petition in 13048.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and SPRINGER, JJ., concur.