MICHAEL LEVINSON, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; and THE HONORABLE ROBERT L. SCHOUWEILER, DISTRICT JUDGE, Respondents.

No. 16502

WILLIAM WISTER, JR., Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; and THE HONORABLE ROBERT L. SCHOUWEILER, DISTRICT JUDGE, Respondents.

No. 16503

September 23, 1987                    742 P.2d 1024

*Beckley, Singleton, DeLanoy, Jemison & List* and *Stephen S. Kent*, Reno, for Petitioners.

*Stephen C. Mollath*, Reno, for Respondents.

## OPINION

*Per Curiam:*[1]

These petitions, seeking writs of mandamus or, alternatively,

---

[1] These petitions were previously denied on the merits in an unpublished order of this court. We have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order filed May 28, 1986.

writs of prohibition, challenge an order of the district court refusing to quash service of process on petitioners Michael Levinson (Case No. 16502) and William Wister (Case No. 16503). Because these petitions challenge the same order of the district court and present similar arguments, we hereby consolidate them for disposition. *See* NRAP 3(b). For the reasons set forth below, we deny the petitions.

According to the allegations set forth in the pleadings below, real party in interest Placer Development Corporation (Placer) entered into a contract with Brady Mines, Ltd., a Nevada corporation and the owner of a mining concession in the Republic of Guinea, Africa. The terms of the agreement were contained in a letter from Placer to Brady Mines. The letter was written on Placer's letterhead, which showed Placer's business address as Reno, Nevada.

In September of 1984, Placer filed a complaint in the district court against the petitioners (Levinson and Wister), Donley Brady, and Brady Mines, Ltd., alleging causes of action for breach of the contract referred to above, specific performance, and quantum meruit. According to Placer, it performed the work required under its alleged contract with Brady Mines, but was not paid for that work. Placer further alleged that petitioners are "doing business as Brady Mines, Ltd., or doing business through their alter ego, Brady Mines, Ltd., a Nevada corporation." Alternatively, Placer averred below that petitioners, Donley Brady and Brady Mines, Ltd., formed a joint venture to develop and manage the mining concession.

Placer served petitioner Levinson with a copy of the summons and complaint in New York City, and served petitioner Wister with a copy of the summons and complaint in Bryn Mawr, Pennsylvania. Thereafter, petitioners moved to quash service of process alleging that insufficient contacts existed to support Nevada's exercise of jurisdiction over them. The district court denied the motion to quash, and this proceeding followed.

Under NRS 14.065(2)(a), the courts of Nevada may exercise personal jurisdiction over nonresident defendants who transact any business in Nevada. We have construed NRS 14.065(2)(a) to be broad enough to reach the outer limits of federal constitutional due process. *See* Certain-Teed Prods. v. District Court, 87 Nev. 18, 479 P.2d 781 (1971). Further, when a defendant challenges the personal jurisdiction of the Nevada courts, the plaintiff must introduce competent evidence of essential facts establishing a prima facie showing of jurisdiction. *See* Davis v. District Court, 97 Nev. 332, 337, 629 P.2d 1209, 1213 (1981). We conclude under this standard that the district court properly refused to quash service of process in this case.

Petitioners contend that they lack sufficient business contacts with Nevada to be subject to the jurisdiction of the Nevada courts. In the district court, however, Placer argued that its performance of professional services within Nevada, at the specific request of petitioners Levinson and Wister, subjected petitioners to personal jurisdiction here. Specifically, the president of Placer averred that Placer prepared, at petitioners' request, a limited partnership agreement between the parties detailing petitioners' involvement in the mining concession. Placer further alleged that it prepared, at petitioners' request, several geological reports and development plans regarding the mining concession. Placer asserted that it prepared those documents in Nevada and mailed them to petitioners from its headquarters in Nevada.

The performance of professional services within the forum, at the request of a nonresident defendant, is sufficient to justify the exercise of personal jurisdiction where the contract clearly contemplates that the plaintiff would perform substantial services within the forum. *See* Mouzavires v. Baxter, 434 A.2d 988 (D.C.App. 1981), *cert. denied,* 455 U.S. 1006 (1982). In the present case, the alleged contract between Placer and Brady Mines, Ltd. provided that Placer was to collect data in Guinea regarding the mining concession, and then

bring samples back for independent assay, [and] prepare reports that will enable [Brady Mines] to raise funds [to finance the mining concession].

Thus, the contract clearly contemplated that Placer would perform substantial services at its headquarters in Nevada. Moreover, Placers' services were calculated to secure funding for the mining concession, the object of the parties' alleged joint venture. Petitioners dispute Placer's version of the facts. However, when factual disputes arise in a proceeding that challenges personal jurisdiction, those disputes must be resolved in favor of the plaintiff. *See* Caicos Petroleum Service Corp. v. Hunsaker, 551 F.Supp. 152, 153 (N.D.Ill. 1982). Therefore, the factual dispute in this case must be resolved in Placer's favor.

Further, Placer's alleged preparation of documents and reports at petitioners' request establishes the existence of a continuing course of dealing between Placer and petitioners. When a defendant creates continuing obligations between itself and residents of the forum, the defendant avails itself of the privilege of conducting business in the forum. *See* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-476 (1985). Therefore, Placer made a prima facie showing that petitioners purposely availed themselves of the

408

benefits and protection of Nevada law. *See Burger King, supra; Caicos, supra.*

Moreover, we note that "where a defendant who purposely has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King,* 471 U.S. at 477. Petitioners failed to present a compelling argument that Nevada's exercise of jurisdiction, under these circumstances, would be unreasonable.

Finally, Nevada has a recognized interest in providing an effective means of redress for its residents. *See Burger King,* 471 U.S. at 482-483; McGee v. International Life Ins. Co., 355 U.S. 220, 223 (1957). Similarly, when deciding an issue of personal jurisdiction, Nevada is entitled to consider the interest of the interstate judicial system in obtaining the most efficient resolution of controversies. *See* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). In the present case, if petitioners prevail in this jurisdictional challenge, Placer may be forced to institute one, and possibly two, additional lawsuits to prosecute its claims against petitioners. This duplication of effort would certainly waste judicial resources, and deprive Placer of an effective means of redress in this case.

Accordingly, for the reasons discussed above, we deny the petitions for extraordinary relief. NRAP 21(b).