The MIRAGE
CASINO–HOTEL, Plaintiff,

v.

Abraham CARAM, Defendant.

No. CV–S–91–015–PMP (LRL).

United States District Court,
D. Nevada.

April 17, 1991.

Mark W. Russell, Las Vegas, Nev., for plaintiff.

Eva Garcia–Mendoza, Mendoza, Garcia–Mendoza, Las Vegas, Nev., for defendant.

PRO, District Judge.

In January 1990, Defendant Abraham Caram, a resident of Mexico, came to Nevada on vacation. While in Las Vegas, Defendant applied for and received four hundred thousand dollars through a line of credit at the Mirage Casino–Hotel ("the Mirage"). In July 1990, the Mirage presented Defendant's signed "marker" to Defendant's bank in Laredo, Texas, and was denied payment. The casino filed its Complaint (# 1) on January 8, 1991.

Defendant now asserts that jurisdiction against him violates constitutional due process. Defendant filed a Specially Appearing Defendant's Motion to Dismiss Pursuant to FRCP 12(b) (# 5) on March 4, 1991. On March 14, 1991, Plaintiff filed its Opposition to Quash Service of Process Pursuant to FRCP 12(b) (# 7). Defendant filed his Reply in Support of his Motion to Quash Service of Process (# 9) on April 3, 1991. The matter now stands submitted to this Court.

■ A court considering an alien defendant's motion to dismiss for lack of in personam jurisdiction must consider the following: (1) whether jurisdiction is conferred by the state long-arm statute; and (2) whether application of the statute is consistent with due process. *Rigdon v. Bluff City Transfer & Storage Co.*, 649 F.Supp. 263, 265 (D.Nev.1986), *citing Taubler v. Giraud*, 655 F.2d 991, 993 (9th Cir.1981).

*Nevada's Long–Arm Statute*

■ Nevada's long-arm statute is codified as Nevada Revised Statute section 14.-065. Paragraph 2(a) of that section provides the basis for jurisdiction over Defendant Caram:

Any person who, in person or through an agent or instrumentality, does any of the acts enumerated in this subsection thereby submits himself and, if a natural person, his personal representative to the jurisdiction of the court of this state as to any cause of action which arises from:

(a) Transacting any business or negotiating any commercial paper within this state.

Nev.R.Stat. § 14.065(2)(a). Nevada's interpretation of its long-arm statute binds this Court. *Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204 (9th Cir.1980). The Nevada Supreme Court has held that when a defendant creates continuing obligations between himself and a Nevada resident, the defendant avails himself of the privilege of

conducting business in the forum within the meaning of section 14.065(2)(a). *Levinson v. Second Judicial Dist. Court ex rel. County of Washoe*, 103 Nev. 404, 742 P.2d 1024 (1987). The Nevada courts have further held that the enumerated provisions of section 14.065 should be liberally construed. *Certain–Teed Products Corp. v. Second Judicial Dist. Court*, 87 Nev. 18, 479 P.2d 781, 784 (1971), *cited in Rigdon v. Bluff City Transfer & Storage Co.*, 649 F.Supp. 263, 266 (D.Nev.1986).

Here, Defendant Caram applied for and received four hundred thousand dollars which allowed him to continue gambling at the Mirage. The application and the instrument which Defendant signed create an enforceable debt under Nevada Revised Statutes sections 463.367 and 463.368. Because by that application and instrument Defendant created a continuing obligation between himself and a Nevada resident, he is deemed by the Nevada courts to have availed himself of the privilege of conducting business. *Levinson*, 103 Nev. 404, 742 P.2d 1024 (1987). Therefore, Defendant is subject to the state's long-arm statute.

The second inquiry this Court must conduct is whether Nevada's long-arm statute, as applied to Defendant, violates constitutional notions of due process.

### Constitutional Due Process

■ Under the Constitution, in personam jurisdiction against an alien defendant can only be asserted where it will not offend "traditional notions of fair play and substantial justice" *International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). *See also Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191 (9th Cir.1988). The Supreme Court has held that jurisdiction over a person is proper when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ Even where there are not "continuous" and "systematic" contacts that would establish general jurisdiction over a defendant, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984), jurisdiction is proper when the action at issue arose from the contact activity. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280 (9th Cir.1977). In fact, "[e]ven a single contact with or activity in the forum state may satisfy the constitutional test for minimum contacts where the claim for relief arises therefrom." *Sage Computer Technology v. P–Code Distributing Corp.*, 576 F.Supp. 1194 (D.Nev. 1983) (citing *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 415 (9th Cir.1977). Here, Defendant admits to coming to Nevada an average of six times per year.

■ Since the activity forming the basis for Plaintiff's allegations took place in Nevada, the conclusion is easily drawn that special jurisdiction is proper. This conclusion is further supported by recent Ninth Circuit precedent.

The Ninth Circuit has articulated a three-part test to determine whether the constitutional standards for in personam jurisdiction have been met:

(1) The non-resident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

(2) The claim must be one which arises out of or results from the defendant's forum-related activities.

(3) Exercise of jurisdiction must be reasonable.

*Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir.1988) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir.1986)). *See also Raffaele v. Compagnie Generale Maritime*, 707 F.2d 395, 397 (9th Cir.1983); *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir.1981).

■ Once a defendant has alleged that the court lacks in personam jurisdiction,

the plaintiff bears the burden of proving by a preponderance of the evidence that jurisdiction is proper. *Sage*, 576 F.Supp. at 1197; *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1977); *Amba Marketing Systems, Inc. v. Jobar Internat'l, Inc.*, 551 F.2d 784, 787 (9th Cir.1977).

The Court finds that Plaintiff has met its burden of demonstrating the first two factors of the Ninth Circuit's *Sinatra* test. *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir.1988). Defendant Caram purposefully availed himself of the benefits and protections of the Nevada laws when he applied for and received the four hundred thousand dollars from the Mirage. That transaction forms the basis for this suit against Defendant. Consequently, the first and second factors are met.

As to the third factor, the reasonableness of the forum's exercise of jurisdiction over a nonresident defendant, the Court must consider the burden on the Defendant, the existence of an alternative forum, convenient and effective relief for plaintiff, the forum state's interest in adjudicating the suit, efficient resolution of the controversy, a defendant's purposeful interjection into the activities of the state, and conflicts with sovereignty. *Lake v. Lake*, 817 F.2d 1416, 1421–22 (9th Cir.1987); *Pacific Atlantic Trading Co. v. The M/V Main Express*, 758 F.2d 1325, 1329–31 (9th Cir. 1985).

The burden sustained by Defendant coming to Nevada for trial would be relatively small as compared to other aliens because, as his own affidavit states, Defendant has "travelled to the State of Nevada on an average of 6 times per year …" Affidavit at 10, ¶ 18, attached to Motion (# 5). The first factor is accordingly met.

As to the existence of an alternative forum, the Defendant has not demonstrated to the Court that the legal system in Mexico would adequately protect the interests of creditors such as the Mirage. Without such a showing, the second factor cannot weigh against asserting jurisdiction.

The third factor is easily satisfied because the Mirage would have convenient and effective relief by litigating this dispute in this forum.

Nevada has a vested interest in having courts located within its boundaries deciding on the application of its laws. It also has a more particular interest in seeing that its gaming industry is able to enforce credit obligations it extends to non-residents. The fourth factor is therefore met.

Because all potential witnesses with the exception of the Defendant are located in Nevada, the controversy would be most efficiently resolved here. The fifth factor is therefore satisfied.

As stated above, this Court finds that Defendant purposely availed himself of the benefits and protections of Nevada law. Accordingly, the sixth factor is met.

Since this dispute involves only a normal credit transaction, there are no problems with sovereignty. Consequently, the last factor is satisfied.

Because no factor counsels strongly against application of in personam jurisdiction to Defendant, the Court finds that such jurisdiction is reasonable. The Court further finds that Plaintiff has met its burden of establishing the propriety of jurisdiction against Defendant by a preponderance of the evidence as to all relevant factors.

IT IS THEREFORE ORDERED that Defendant's Specially Appearing Motion to Dismiss Pursuant to FRCP 12(b) (# 5) is denied.