Century International Management Consultants (Century) filed an action in the Circuit Court of Lawrence County to recover on a Nevada judgment entered in favor of Century and against Dr. Eduardo Gonzalez. The action was filed pursuant to the Uniform Enforcement of Foreign Judgments Act, §§ 6-9-230 through -238, Code 1975. Following a hearing, the trial court entered an order finding the Nevada judgment was entered without jurisdiction. Enforcement of the judgment was denied. Century appeals.
The record reflects that in June 1989 Gonzalez, a resident of Alabama, returned a business reply card to Century requesting additional information on the formation of a captive insurance company. Following negotiations with a Century representative by phone, Gonzalez executed a consulting agreement with Century in July 1989. The agreement defined the professional services to be performed by Century in the organization of the captive insurance company. It provided that Gonzalez would pay to *Page 107 
Century a fee of $9,500 for its professional services. It further provided that no deductions would be made from the fee if the project were suspended for reasons other than the fault of Century. The agreement provided that its enforcement would be by arbitration in Nevada.
Century agreed to accept the fee from Gonzalez in $1,000 monthly installments. Gonzalez paid installments for the months of August and September. In September 1989 Gonzalez attempted to terminate the agreement and requested the return of his money. He stopped payment on the September installment.
Century subsequently initiated an arbitration proceeding before the American Arbitration Association. Gonzalez was given notice of the proceedings. He filed no pleadings or briefs in the matter. The only response from Gonzalez was a letter written by his attorney to the arbiter denying his jurisdiction.
In October 1990 the arbiter entered an award on behalf of Century and against Gonzalez in the amount of $8,500 plus $300 for administrative fees.
In December 1990 Century filed an action in the District Court of Nevada to enforce the award. Century submitted a return and an affidavit from a process server in Alabama stating that Gonzalez had been served by him with a copy of the Nevada summons and complaint. Gonzalez failed to file an answer or any other responsive pleading. In February 1991 Century filed a request for Submission of Default Judgment. In March 1991 a default judgment was entered against Gonzalez by the Nevada court.
In April 1991 Century initiated this action in Alabama to enforce the Nevada judgment. Gonzalez filed a motion to strike the Nevada judgment, alleging that the consulting agreement was invalid, that compulsory arbitration is against the public policy of Alabama, that Nevada did not have personal jurisdiction over him, and that service of process on Gonzalez was defective.
A hearing was held. The hearing consisted of the record of the Nevada court, counsel's argument and brief, and the testimony of Gonzalez's wife asserting that her husband was not served with the Nevada complaint.
In its order setting aside the Nevada judgment, the trial court found that the Nevada court did not have jurisdiction over Gonzalez and that the service of process on Gonzalez out of the Nevada court was defective. It further found the compulsory arbitration clause in the agreement to be against public policy.
 Merits
Century initially contends that the trial court erred in finding that the Nevada court did not have jurisdiction over Gonzalez.
If the court of another state has personal and subject matter jurisdiction over an individual and enters judgment accordingly, that judgment is entitled to full faith and credit in the courts of this state. Tongue, Brooks Co. v. Walser,410 So.2d 89 (Ala.Civ.App. 1982); U.S. Const. art. IV, § 1. The effect and the validity of the foreign judgment are determined by the law of the rendering state. Morse v. Morse,394 So.2d 950 (Ala. 1981).
When the judgment of a foreign state is properly produced at trial and verified, it is presumed that the rendering court had jurisdiction to enter the judgment. Teng v. Diplomat Nat'lBank, 431 So.2d 1202 (Ala. 1983). The party challenging the foreign judgment on jurisdictional grounds has the burden to produce evidence to overcome the presumption. Teng.
Nevada Revised Statute 14.065, the Nevada long-arm-statute, provides, in pertinent part, the following:
 "1. Personal service of summons upon a party outside this state is sufficient to confer upon a court of this state jurisdiction of the person of the party so served if:
 "(a) The service is made by delivering a copy of the summons, together with a copy of the complaint, to the party served in the manner provided by statute *Page 108 
or rule of court for service upon a person of like kind within the state; and
 "(b) The party has submitted himself to the jurisdiction of the court of this state in a manner provided by this section.
 "2. Any person who, in person or through an agent or instrumentality, does any of the acts enumerated in this subsection thereby submits himself and, if a natural person, his personal representative to the jurisdiction of the courts of this state as to any cause of action which arises from:
 "(a) Transacting any business or negotiating any commercial paper within this state."
Century contends that under § 14.065 Gonzalez was clearly subject to the jurisdiction of the Nevada court because he transacted business and negotiated commercial paper within the state of Nevada.
The supreme court of Nevada, interpreting the "transacting any business" clause of the Nevada long-arm-statute, stated the following in Levinson v. Second Judicial Dist. Court, 103 Nev. 404, 742 P.2d 1024 (1987):
 "The performance of professional services within the forum, at the request of a non-resident defendant, is sufficient to justify the exercise of personal jurisdiction where the contract clearly contemplates that the plaintiff would perform substantial services within the forum."
It further stated that:
 "When a defendant creates continuing obligations between itself and residents of the forum, the defendant avails itself of the privilege of conducting business in the forum."
Applying the appropriate law to the facts of this case, we find that the Nevada court did have jurisdiction over Gonzalez. Pursuant to the agreement and prior to its breach by Gonzalez, Century performed substantial professional services in Nevada in its preparation of the necessary organizational documentation for the implementation of the captive insurance company. The services performed by Century and Gonzalez's obligation to pay for such services evidenced a "continuing" course of dealing between Century and Gonzalez. Under the authority of Levinson, we find that Gonzalez was "transacting business" within Nevada.
We further find that by mailing the two installments to Century's Nevada office and their ultimate deposit in a Nevada bank, Gonzalez negotiated commercial paper within that state. The negotiation of the commercial paper subjected Gonzalez to jurisdiction of the Nevada court.
Century next contends that the trial court erred in finding that the service of process on Gonzalez was defective.
Rule 4(d)(6), Nevada Rules of Civil Procedure, provides for service of process on a non-resident defendant "by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."
James Parker, the process server hired by Century to serve Gonzalez with the complaint, stated in his affidavit that he left a copy of the summons and complaint with Mrs. Gonzalez at the Gonzalez residence. Mrs. Gonzalez testified, however, that she talked to Parker at her front door, she was shown the papers he wished to serve on her husband and she was aware of their purpose, but that she did not accept the papers.
"[W]hen factual disputes arise in a proceeding that challenges personal jurisdiction, those disputes must be resolved in favor of the plaintiff." Levinson.
The narrow factual concern in this issue is simply whether Parker left the papers with Mrs. Gonzalez. According toLevinson, the trial court was bound to hold that the service of process on Gonzalez was proper.
Finally, we find that the trial court was without authority to determine whether the arbitration clause was against public policy. The doctrine of full faith and credit prohibits consideration of the merits of the underlying action of the foreign state. Tongue. *Page 109 
The judgment of the trial court is reversed. We remand the case to the circuit court with direction to enter judgment enforcing the Nevada judgment according to statute. §§ 6-9-230
through -238, Code 1975.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTION.
All the Judges concur.