L. CHARLES WRIGHT, Retired Appellate Judge.
Resort Publishers, Inc., filed an action in the Circuit Court of Jefferson County to recover on a Florida judgment entered in favor of Resort Publishers and against Mountain Lakes Resort, Inc. The action was filed pursuant to the Uniform Enforcement of Foreign Judgments Act, §§ 6-9-230 through -238, Code 1975. Among other motions, Mountain Lakes Resort filed a motion *845 to strike the Florida judgment, alleging that Florida did not have personal jurisdiction over it. Mountain Lakes Resort requested that it be allowed to present evidence on the jurisdictional issue. Its request was denied, as was its motion to strike. Mountain Lakes Resort appeals. Resort Publishers has not filed a brief with this court.
Although there was no evidentiary hearing, the trial court did have oral argument on Mountain Lakes Resort’s motion. There is no transcript of the hearing. Mountain Lakes Resort filed a statement of evidence pursuant to Rule 10(d), A.R.A.P. From the record and the statement of evidence, we are able to ascertain the following facts:
Mountain Lakes Resort is an Alabama corporation and is located in Marshall County, Alabama. Mountain Lakes Resort’s business entails maintaining a camping and recreational resort facility and selling membership rights in the use of the facility. In 1988 it entered into a publishing agreement with CEKA Management Associates, a Missouri media firm, in order to communicate with its members and prospective members. According to the agreement, the contract was to continue for one year, beginning January 1989, and then continue thereafter on a month-to-month basis. The contract could be modified only by written agreement of the parties and could not be assigned without prior written consent of the other party. The agreement was to be governed by Missouri law.
' In April 1990 Mountain Lakes Resort received a billing statement from Resort Publishers, a Florida corporation. Mountain Lakes Resort did not have contact with, or have any knowledge of, Resort Publishers until it received the bill. When Mountain Lakes Resort failed to pay the bill, Resort Publishers made attempts to collect the amount allegedly due.
In February 1991 Resort Publishers filed an action in Dade County, Florida, to collect the debt. According to the affidavit of the process server, on June 20, 1991, Mountain Lakes Resort was served with a summons and a notice to appear for pretrial conference. The pretrial conference was held on July 8,1991. Mountain Lakes Resort did not appear. On the same date the Florida court entered a default judgment against Mountain Lakes Resort.
Mountain Lakes Resort filed a motion to dismiss the action, alleging lack of jurisdiction, on July 12,1991. The final judgment of default was recorded on July 29, 1991.
In September 1992 Resort Publishers initiated this action in Alabama to enforce the Florida judgment. The trial court refused Mountain Lakes Resort’s request to set aside the Florida judgment for lack of jurisdiction.
The dispositive issue on appeal is whether the trial court erred in affording full faith and credit to the Florida judgment.
If the court of another state has personal and subject matter jurisdiction over an individual and enters judgment accordingly, that judgment is entitled to full faith and credit in the courts of this state. Century International Management Consultants v. Gonzalez, 601 So.2d 105 (Ala.Civ.App.1992). The effect and the validity of the foreign judgment are determined by the law of the rendering state. Century.
When the judgment of a foreign state is properly produced at trial and verified, it is presumed that the rendering court had jurisdiction to enter the judgment. Century. The party challenging the foreign judgment on jurisdictional grounds has the burden to produce evidence to overcome the presumption. Century.
Florida Stat. § 48.193 (1987), the Florida long-arm statute, provides, in pertinent part, the following:
“(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
“(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
[[Image here]]
*846 “(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.”
Courts must make two inquiries in determining whether long-arm jurisdiction is appropriate for a given case. Initially, it must be determined whether sufficient jurisdictional facts bring the action within the ambit of the long-arm statute. If the facts satisfy the requisite basis of the statute, then it must be determined whether sufficient minimum contacts can be shown to satisfy the federal constitutional due process requirements. U.S.C.A. Const.Amend. 14. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
We find that the facts of this ease do not satisfy the mere requisite basis of the Florida long-arm statute. The facts contained in the record suggest that Mountain Lakes Resort was not a party to any contract or agreement with Resort Publishers, that Resort Publishers had not legally received an assignment of Mountain Lakes Resort’s contract with CEKA, that Mountain Lakes Resort did not have knowledge of the existence of Resort Publishers until it received the April 1990 bill, that Mountain Lakes Resort had no contact with Resort Publishers except for Resort Publishers’ collection attempts, and that Mountain Lakes Resort conducted no business in Florida before or after the judgment was entered. This evidence, presented by affidavit and by a Rule 10(d) statement, was not rebutted by any evidence in the record.
From the undisputed evidence contained in the record, it is clear that the Florida court did not have personal jurisdiction over Mountain Lakes Resort when it entered the default judgment. Therefore, the Florida judgment is void. The Alabama court erred in denying the motion to strike the case brought to enforce the Florida judgment.
The judgment of the trial court is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.