*969 OPINION

Per Curiam.:

[1]

This petition for a writ of mandamus challenges an order of the district court granting a motion to quash service of process. On April 6, 1992, Bob Anthony telephoned, from Colorado, petitioners Robert J. Peccole and Kelly Peccole in Las Vegas, Nevada, and told them of some real property for sale in Cripple Creek, Colorado. The Peccoles, residents of Las Vegas, Nevada, had viewed some properties in Cripple Creek in March of that year. The property in question was owned by real party in interest Dr. Jack Pot Company, of which real party in interest Gary Hopp is president. The Peccoles stated that they were not interested and that the price was too high. The next day, Anthony again telephoned the Peccoles and said that a price of $1,150,000 could be acceptable. Anthony instructed the Peccoles to telephone Hopp at the office of Tom Berg, Hopp’s attorney. They did so. The Peccoles made it clear that they were only interested in the property if it could be used right away for gaming to create an immediate cash flow. Hopp represented that it would take very little to turn the building into a nice small casino.
A verbal agreement was reached for purchase of the property. On April 8, 1992, as agreed in the telephone call, the Peccoles sent a written proposal by telefax to Berg’s office. On the same day, the Peccoles sent a $10,000 good faith deposit. Pursuant to Berg’s instructions, petitioner Robert J. Peccole, a Nevada attorney and son of Robert N. and Kelly Peccole, prepared the sales contract. The contract was prepared in Las Vegas and sent to Hopp in Colorado for approval. Some changes were made per telephonic instructions from Hopp. Robert J. Peccole, Robert N. Peccole and William P. Peccole (the male Peccoles) signed the contract in Las Vegas and sent it to Hopp, who signed it in Colorado. The contract states that it was made in Las Vegas, Nevada, and is to be interpreted and enforced under the laws of Colorado. The male Peccoles signed the escrow documents in Las Vegas, Nevada, and sent them to Colorado, where escrow closed on May 27, 1992.
. In late July of 1992, an architect in Cripple Creek, Colorado, informed petitioners that extensive structural repair would be needed to use the building for gaming. In late July or early *970 August of 1992, William P. Peccole was in Cripple Creek, Colorado, and discovered that the rear portion of the building did not meet code and had been built without a permit. This would result in a loss of 19 slot machines and a monthly income loss of about $46,000.
In a letter dated May 23, 1993, Kelly Peccole, Nancy C. Peccole and Roberta Peccole, the wives of the male Peccoles, notified Hopp and Dr. Jack Pot Company of their desire to void the contract pursuant to NRS 123.230 on the basis that they had not signed the sales contract and community funds had been used to purchase the property. On May 26, 1993, petitioners filed a complaint in the district court against Hopp and Dr. Jack Pot Company, alleging causes of action for fraud, misrepresentation and breach of contract, and seeking restitution and voiding of the contract pursuant to NRS 123.230 of the Nevada community property laws. On May 27, 1993, the complaint and summons were served in Colorado on Hopp personally and as president of Dr. Jack Pot Company. No response was filed within twenty days. On June 17, 1993, the same day that a default judgment was entered, Hopp and Dr. Jack Pot Company filed in the district court a motion to quash service of process based on lack of personal jurisdiction. On August 26, 1993, the district court entered an order granting the motion to quash. This petition followed.
Petitioners contend that the district court erred in granting the motion to quash and that Hopp and Dr. Jack Pot Company are properly subject to the jurisdiction of the Nevada courts because they committed a tortious act aimed at a resident of Nevada. See Davis v. District Court, 97 Nev. 332, 337, 629 P.2d 1209, 1213, cert. denied, 454 U.S. 1055 (1981). Specifically, petitioners contend that the real parties in interest committed a tortious act aimed at Nevada residents by misrepresenting, in a telephone conversation with the Peccoles in Nevada, that it would take very little to make the property suitable for gaming. Petitioners assert that Anthony was acting on behalf of Hopp and Dr. Jack Pot Company when he made the initial telephone call into Nevada soliciting their purchase of the property. Petitioners further contend that Hopp and Dr. Jack Pot Company availed themselves of the privilege of acting in Nevada and causing important consequences in Nevada, thereby subjecting themselves to Nevada’s personal jurisdiction. See Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985); Levinson v. District Court, 103 Nev. 404, 407, 742 P.2d 1024, 1026 (1987). We agree with these contentions.
The plaintiff in an action has the burden of establishing jurisdiction by introducing competent evidence of essential facts *971 showing the existence of jurisdiction. Davis, 97 Nev. at 337, 629 P.2d at 1213. This petition is adequately supported by affidavits setting forth the above-mentioned facts. Hopp and Dr. Jack Pot Company dispute that Anthony was acting on their behalf in making the initial telephone call. This disputed fact must weigh in petitioners’ favor, however, because factual disputes in a proceeding that challenges personal jurisdiction must be resolved in favor of the plaintiff. Levinson, 103 Nev. at 407, 742 P.2d at 1026 (1987).
It is not necessary for a defendant to physically enter the forum; use of the telephone can be sufficient for “purposeful availment.” See Burger King Corp., 471 U.S. at 481. Where, as here, “a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.” Burger King Corp., 471 U.S. at 477, quoted in Levinson, 103 Nev. at 408, 742 P.2d at 1026. Hopp and Dr. Jack Pot Company have not presented such considerations. Moreover, the preparation of the sales contract by Robert J. Peccole, a Nevada attorney, at Hopp’s request, can be considered the provision of professional services within the forum at the request of a nonresident defendant, further supporting jurisdiction by Nevada. See Levinson, 103 Nev. at 407, 742 P.2d at 1026.
In view of the facts and law set forth above, we conclude that the district court erred in granting the motion to quash service of process. Under our decision in this matter, we need not address petitioners’ contentions relating to the application of Nevada’s community property laws to the sales contract. A petition for a writ of mandamus is the proper procedural vehicle to challenge a district court’s order quashing service of process for jurisdictional reasons. Jarstad v. National Farmers Union, 92 Nev. 380, 552 P.2d 49 (1976). Accordingly, we grant the petition.[2]

This court previously granted this petition in an unpublished order. Pursuant to a request, we have determined that our decision should be issued in a published opinion. Accordingly, we issue this opinion in place of our order filed September 29, 1994.

We note that, pursuant to our order of September 29, 1994, granting this petition, the clerk of this court issued a writ of mandamus directing the respondent district court to strike the motion to quash and to exercise personal jurisdiction over the real parties in interest Hopp and Dr. Jack Pot Company.