Rose, J.,
with whom Shearing, J., joins,
dissenting:
I dissent because the majority, in granting the writ, strips Nevada attorneys of the protection of NRS 18.015 when handling cases referred to them by out-of-state attorneys for non-residents.
*1171 Many non-residents are injured in Nevada, consult with their attorney when they get home, and that attorney then forwards the case to a Nevada attorney, usually along with an understanding as to how the contingent fee and costs will be handled. In doing this, the referring attorney is acting as the agent of the non-resident client, and the local attorney is acting on behalf of the nonresident client whether or not the agreement was negotiated directly with that client.
In spite of these contacts and the obvious recognition that the Nevada attorney is working for and on behalf of the non-resident client, the majority concludes that the attorney lien protection of NRS 18.015 is not available unless the local attorney and nonresident client have contracted directly for attorney services and fees. The purpose of NRS 18.015 is to protect an attorney from not being compensated for the work performed. In my view, the purpose of this law is all the more necessary when a local attorney represents an out-of-state client on a contingent fee basis.
Without the protection of NRS 18.015, a local attorney who does not have a direct agreement with his or her non-resident client will be forced to bring an independent action for the services rendered and perhaps collection proceedings in another state to enforce any judgment secured. Cf. Levinson v. District Court, 103 Nev. 404, 742 P.2d 1024 (1987). This is a burdensome, costly prospect, and many attorneys will probably forego collection of their fees and costs expended. This is exactly the situation that NRS 18.015 was enacted to prevent.
The majority recognizes the discourteous and unprofessional conduct of out-of-state attorney Harvey Lerer; but while admonishing such conduct, it then goes on to grant him extraordinary discretionary relief. In my view, Mr. Lerer’s conduct should preclude him from any extraordinary assistance from this court.
For these reasons, I dissent from the issuing of the writ of prohibition and mandamus.