An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER J. COLEMAN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
TIMOTHY C. WILLIAMS, DISTRICT
JUDGE,
Respondents,
and
INCORP SERVICES, INC.,
Real Party in Interest.

No. 67924

FILED

SEP 1 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER GRANTING PETITION FOR WRIT OF PROHIBITION*

This original petition for a writ of prohibition challenges a district court order denying a motion to dismiss a breach of contract action for lack of personal jurisdiction.

When personal jurisdiction is challenged, the plaintiff must make a prima facie showing that jurisdiction over the out-of-state defendant exists. *Consipio Holding, BV v. Carlberg*, 128 Nev., Adv. Op. 43, 282 P.3d 751, 754 (2012). To show specific jurisdiction, which is at issue here, the plaintiff must demonstrate facts showing that the defendant purposefully availed himself of the privilege of acting in Nevada or caused important consequences here, that the cause of action arises from the defendant's activities in Nevada, and that those activities, or the consequences thereof, have such a substantial connection with Nevada as to make the exercise of jurisdiction over the defendant reasonable. *Id.* at

SUPREME COURT
OF
NEVAOA

(O) 1947A

15-27628

755; *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985). While the defendant's physical presence in the forum state is not required, a mere showing that the plaintiff contracted with the defendant is not sufficient. *Burger King*, 471 U.S. at 476, 478. Instead, the court must evaluate the parties' prior negotiations, anticipated future consequences, and actual course of dealings, along with the contract terms. *Id.* at 479.

Here, real party in interest Incorp Services, Inc. (plaintiff below) alleged, and the district found, that Incorp is a Nevada corporation and that petitioner Christopher J. Coleman (defendant below), a Florida resident, purposefully directed his activities toward Nevada when he telephoned Incorp's office, requesting information about its resident agent services, and made payments over an extended period of time on forms showing Incorp's Nevada address. But nothing in the record demonstrates that Coleman knew he was calling a Nevada company when he initiated contact with Incorp, and he averred that he dialed a toll-free number and believed he was calling a Florida corporation, as Incorp is also registered as a domestic Florida company. Further, while emails and invoices from Incorp bore its Nevada address, nothing in the record shows that Coleman made any payments to Incorp in Nevada, and the fact that Incorp is a Nevada-based corporation, alone, is insufficient to establish jurisdiction. *See id.* at 478.

As many courts have explained, "making telephone calls and mailing payments into the forum state are insufficient bases for jurisdiction." *Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 395 (7th Cir. 1994) (citing *Lakeside Bridge & Steel Co. v. Mountain State Constr. Co.*, 597 F.2d 596, 604 (7th Cir. 1979), *Capitol Indem. Corp. v. Certain Lloyds Underwriters*, 487 F. Supp. 1115 (W.D.

Wis. 1980), and *Royal Globe Ins. Co. v. Logicon*, 487 F. Supp. 1245 (N.D. Ill. 1980)); *see also Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 151 (6th Cir. 1997) (telephone calls, faxes, letters, and payments to the forum state are not sufficient contacts with the forum state in a breach of contract action); *Sunbelt Corp. v. Noble, Denton & Assocs.*, 5 F.3d 28, 31-32 (3d Cir. 1993) (holding that minimum contacts were not established by contracting and making informational communications with the forum company, when services were performed in another state); *Initiatives, Inc. v. Korea Trading Corp.*, 991 F. Supp. 476, 479 (E.D. Va. 1997) (same). *But cf. Peccole v. Eighth Judicial Dist. Court*, 111 Nev. 968, 971, 899 P.2d 568, 570 (1995) (explaining that a telephone call can be a sufficient contact for personal jurisdiction when the cause of action arises from that call). Moreover, Nevada was not among the states for which Coleman hired Incorp to provide ongoing resident agent services. *Levinson v. Second Judicial Dist. Court*, 103 Nev. 404, 407, 742 P.2d 1024, 1026 (1987) ("The performance of professional services within the forum, at the request of a nonresident defendant, is sufficient to justify the exercise of personal jurisdiction where the contract clearly contemplates that the plaintiff would perform substantial services within the forum."). Thus, Incorp has not presented evidence that Coleman purposefully directed his activities toward Nevada sufficient to make a prima facie showing of jurisdiction, and we need not review the reasonableness factor.

As Incorp has not established a prima facie showing of jurisdiction over Coleman, we conclude that extraordinary relief is warranted, *Fulbright & Jaworski LLP v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 5, 342 P.3d 997, 1001 (2015) (explaining that, as the right

to appeal is inadequate, extraordinary relief is warranted when the district court acts in excess of its jurisdiction over a person). Therefore, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF prohibition instructing the district court to dismiss the action against petitioner.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Timothy C. Williams, District Judge
Christopher J. Coleman
Fox Rothschild, LLP, Las Vegas
Eighth District Court Clerk