IN THE SUPREME COURT OF THE STATE OF NEVADA

RALPH LEWIS,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF WASHOE;
AND THE HONORABLE SCOTT N.
FREEMAN, DISTRICT JUDGE,
Respondents,
and
POWER RESEARCH, INC.; AND WANDA
DAVIDSON,
Real Parties in Interest.

No. 81538

FILED

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S Young
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of prohibition challenges a district court order denying a motion to dismiss in a tort action. The underlying action arises out of a dispute between two corporations engaged in the business of fuel additives. Real parties in interest's (RPIs) first amended complaint alleged that petitioner, a former employee of RPI Power Research, Inc. (Power Research), formed a separate company, Newport Fuel Solutions, Inc. (Newport), to directly compete with Power Research after he was fired from Power Research. The complaint further alleges that petitioner induced key Power Research employees to breach their confidentiality and non-compete agreements by offering them ownership

21-01506

interest in Newport and then used information[1] obtained from these key employees to sell a product based on the "core chemistry" developed by Power Research at more competitive prices. RPIs allege that such actions violated a confidentiality and non-compete agreement petitioner signed as part of a divorce agreement between himself and Wanda Davidson, who owns Power Research. RPIs claim they lost business and clients as a result of petitioner's actions.

The district court denied petitioner's motion to dismiss for lack of personal jurisdiction, finding that as a Nevada owner, director, and officer purposely directing harm toward a Nevada corporation, petitioner was subject to personal jurisdiction in Nevada. It further found that petitioner should have reasonably anticipated being subject to personal jurisdiction in Nevada based on Nevada choice-of-law provisions in the confidentiality and non-compete agreements at issue. Petitioner now seeks a writ of prohibition, arguing that the district court acted in excess of its jurisdiction by denying his motion to dismiss and finding that he is subject to personal jurisdiction in Nevada.

"A writ of prohibition is available to arrest or remedy district court actions taken without or in excess of jurisdiction." *Viega GmbH v. Eighth Judicial Dist. Court,* 130 Nev. 368, 373, 328 P.3d 1152, 1156 (2014). Writ relief is an extraordinary remedy, and this court typically exercises its

---

[1]This information allegedly includes Power Research's formulas and blending methods for its products, marketing strategies and analyses, sales tactics, as well as confidential information related to its customers, including information regarding pricing, contacts, and sale history that it stores in a confidential database.

discretion to consider a writ petition only when there is no plain, speedy, and adequate remedy in the ordinary course of law. *Id.* While an appeal is generally considered to be an adequate legal remedy precluding writ relief, *Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 224, 88 P.3d 840, 841 (2004), the right to appeal is inadequate to correct an invalid exercise of personal jurisdiction, *Fulbright & Jaworski v. Eighth Judicial Dist. Court,* 131 Nev. 30, 35, 342 P.3d 997, 1001 (2015). Because petitioner challenges the district court's ruling regarding personal jurisdiction, we elect to exercise our discretion and consider this writ petition.[2]

Petitioner argues that the district court does not have personal jurisdiction over him because neither he nor any of Power Research's former employees have any contacts with or performed any work in Nevada, and none of the operative facts occurred in Nevada. He further argues that owning and operating a Nevada corporation is insufficient on its own to establish personal jurisdiction, and that his corporation being incorporated in Nevada had no bearing on the claims against him. Lastly, petitioner argues that the Nevada choice-of-law provisions are insufficient on their own to establish jurisdiction in the absence of minimum contacts.

Upon a challenge to personal jurisdiction, a plaintiff has the burden of establishing a prima facie showing of personal jurisdiction. *Trump v. Eighth Judicial Dist. Court,* 109 Nev. 687, 692, 857 P.2d 740, 743 (1993). In determining whether a prima facie showing has been made, the

---

[2]Because the district court has not yet entered a written order resolving RPIs' pending motion for leave to file a second amended complaint, and because we reject this petition on other grounds, we need not address RPIs' arguments regarding this issue.

district court accepts properly supported proffers of evidence by a plaintiff as true and does not act as a fact finder. *Id.* at 693, 857 P.2d 744. "[W]hen factual disputes arise in a proceeding that challenges personal jurisdiction, those disputes must be resolved in favor of the plaintiff." *Levinson v. Second Judicial Dist. Court*, 103 Nev. 404, 407, 742 P.2d 1024, 1026 (1987). "As a question of law, the district court's determination of personal jurisdiction is reviewed de novo, even in the context of a writ petition." *Viega GmbH*, 130 Nev. at 374, 328 P.3d at 1156.

"[S]pecific jurisdiction is proper only where the cause of action arises from the defendant's contacts with the forum." *Fulbright*, 131 Nev. at 37, 342 P.3d at 1002 (internal quotation marks omitted). In analyzing whether specific personal jurisdiction exists in a tort action, such as here, courts apply the "effects test" derived from *Calder v. Jones*, 465 U.S. 783 (1984), which considers whether the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Tricarichi v. Coop. Rabobank, U.A.*, 135 Nev. 87, 91, 440 P.3d 645, 650 (2019) (quoting *Picot v. Weston*, 780 F.3d 1206, 1213-14 (9th Cir. 2015)). The proper focus of this test is "on the relationship between the defendant, the forum, and the litigation, and 'the defendant's suit-related conduct,' which 'must create a substantial connection with the forum.'" *Id.* at 92, 440 P.3d at 650 (quoting *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014)).

We conclude that the district court correctly determined that real parties in interest have established a prima face showing of personal jurisdiction under *Calder*. By incorporating Newport in Nevada and using an ownership interest in the company to induce employees from Power

Research to breach their confidentiality and non-compete agreements, petitioner committed intentional acts expressly aimed at Nevada that caused harm that petitioner knew was likely to be suffered in the forum state. *See Tricarachi*, 135 Nev. at 91, 440 P.3d at 650; *see also Levinson*, 103 Nev. 407, 742 P.2d 1026 (noting that courts should resolve disputed facts resolved in favor of plaintiff on personal jurisdiction issues). And, while not dispositive on its own, the Power Research employees' contracts all had Nevada choice-of-law provisions, and petitioner knew of the provisions because he signed them either on behalf of Power Research or as a witness during the time he was employed by the company. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985) (holding that while choice-of-law provisions do not establish personal jurisdiction, they should not be ignored as part of personal jurisdictional analyses). This is dissimilar to cases finding no personal jurisdiction under the *Calder* test, as real parties in interest here are not petitioner's sole contact with the forum, *see, e.g., Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."), and thus, petitioner is subject to personal jurisdiction in Nevada.

The district court improperly denied petitioner's motion to dismiss based on *Consipio Holding, BV v. Carlberg*, 128 Nev. 454, 282 P.3d 751 (2012) (concluding that an officer or director who intends to harm a Nevada corporation is subject to personal jurisdiction in Nevada), because petitioner was not sued in his capacity as an officer or director of Newport. However, for the reasons outlined above, we ultimately conclude that the

district court did not err by denying the motion to dismiss. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason."). Accordingly, we ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Scott N. Freeman, District Judge
        Holley Driggs/Reno
        Bohreer Law Firm PLLC
        Holley Driggs/Las Vegas
        Fennemore Craig P.C./Reno
        Burford Perry, LLP
        Washoe District Court Clerk