552 P.2d 49 (1976)
David Alan JARSTAD, a minor by and through his guardian ad litem, Hazel Jarstad, Appellant,
v.
NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, RESPONDENT.
No. 8196.
Supreme Court of Nevada.
June 23, 1976.
*50 Hibbs & Newton and Margo Piscevich, Reno, for appellant.
Vargas, Bartlett & Dixon and Peter D. Durney, Reno, for respondent.

OPINION
THOMPSON, Justice.
This appeal is from an order quashing service of process upon an unauthorized insurer.
National Farmers Union Property and Casualty Company has its principal place of business in Denver, Colorado, and apparently is authorized to do business in Wisconsin. It is not authorized or certified to do business in Nevada.
National issued a policy of automobile insurance to Hazel Jarstad containing uninsured motorist coverage. The purpose of such coverage is to guarantee that the injured insured will be in the same position in the event of injury attributable to the negligence of an uninsured motorist as that insured would be if he were injured through the negligence of a motorist carrying liability insurance.
Hazel Jarstad was a resident of Hixton, Wisconsin. David, her son and a resident of her household, also was insured under the policy.
Hazel and David came to Reno to visit Hazel's sister. While here, David, driving his mother's car, was injured as the result of a collision with an uninsured motorist. This happened on August 29, 1971. On July 14, 1971, National sent a renewal premium *51 due notice to Hazel at Hixton, Wisconsin, to cover the period August 3, 1971, to February 3, 1972. That notice was forwarded to Hazel in Reno. Hazel sent the premium payment to National together with a request to change her mailing address to 983 Wilkinson Avenue, Reno, Nevada, 89502. The premium payment was received by National on August 13, 1971, and deposited.
National then sent to Hazel at the Reno address a "declaration page." Among other things, it stated: "The described automobile will be principally garaged in the said town, county and state, unless otherwise stated herein." The address typed in was: "Hazel E. Jarstad, 983 Wilkinson Drive, Reno, Nevada, 89502."
After the accident happened, correspondence between National and Hazel took place, the purpose of which was to ascertain whether Hazel's change of address was permanent or temporary. Hazel advised National that it was temporary. Had the change of residence been permanent, National would have cancelled the policy since it was not authorized to do business in Nevada.
The automobile collision precipitated litigation which culminated in a judgment against the uninsured motorist. National was notified of that litigation and of the judgment obtained but refuses to pay to the extent of its liability therefor. Consequently, this action was commenced to compel payment. National does not deny coverage or that the policy was in effect when the accident occurred. It contends only that it is not amenable to suit in Nevada. Therefore, it moved to quash service of process.
Before addressing the merits we first must resolve a procedural issue regarding the appealability of an order quashing service of process.
1. An appeal from a judgment or order in a civil action may be taken only "as prescribed by these rules, and not otherwise." NRAP 3A(a). An order quashing service of process is not among the appealable orders listed. NRAP 3A(b). Neither is such an appeal authorized by statute. We heretofore have ruled that an appeal may not be taken unless authorized by rule or statute. Bates v. Nevada Savings & Loan Ass'n, 85 Nev. 441, 456 P.2d 450 (1969); Nev. Gaming Comm. v. Byrens, 76 Nev. 374, 355 P.2d 176 (1960).
However, in years past, this court has entertained appeals from orders quashing service. Tiedemann v. Tiedemann, 35 Nev. 259, 129 P. 313 (1912). See also State v. Moore, 46 Nev. 65, 207 P. 75 (1922); cf. LaGue v. District Court, 68 Nev. 125, 227 P.2d 436 (1951), and, on rehearing, 68 Nev. 131, 229 P.2d 162 (1951), where mandamus issued to compel the district court to accept jurisdiction.
Since our case law is somewhat confusing on the point, it is best that we attempt clarification. We, therefore, now rule that an order quashing service of process is not appealable. It may, however, be challenged by petition in this court for a writ of mandamus to compel the district court to accept jurisdiction. In so far as this case is concerned we shall treat this appeal as a petition for mandamus. It would be unfair to do otherwise in the light of confusing case precedent.
2. Service of process upon National was effected pursuant to NRS 685B.050.[1] Although appellant claims also to have utilized NRS 14.065, she did not do *52 so. Under that statute, service upon a foreign corporation not qualified to do business in Nevada, but alleged to have transacted business here, must be made by delivering a copy of the summons and complaint in the foreign jurisdiction to the president or other head of the corporation, secretary, cashier, managing agent, or resident agent thereof. Certain-Teed Prods. v. District Court, 87 Nev. 18, 479 P.2d 781 (1971). This did not occur.
National contends that service upon it pursuant to NRS 685B.050 is ineffective because the circumstances related do not constitute the transaction of an insurance business in Nevada within the contemplation of the Unauthorized Insurance Act.
NRS 685B.030(3) specifies acts in Nevada by an unauthorized insurer which are deemed to constitute "the transaction of an insurance business in this state." However, we need not decide whether the circumstances here present fall within the statute since it is evident that chap. 685B regarding unauthorized insurers and providing for the service of process upon them, may be utilized only in suits by or on behalf of the state. This is not such a suit.
The purpose of the Unauthorized Insurance Act is expressed by NRS 685B.010.[2] It is to subject certain persons and insurers to the jurisdiction of the commissioner *53 and the courts of this state in suits by or on behalf of the state. (Underscoring supplied.) Indeed, the provision of the Act for service of process which the plaintiff-appellant here seeks to utilize, explicitly refers only to "any action, suit or proceeding in any court by the commissioner or by the state... ." NRS 685B.050.
The district court ruled correctly. The plaintiff-appellant may not avail herself of the service of process provision of the Unauthorized Insurers Act. We presume, however, that service of process will now be attempted under NRS 14.065 [Certain-Teed Prods. v. District Court, 87 Nev. 18, 479 P.2d 781 (1971)], and we turn to resolve whether the circumstances of this case place National within the reach of the long-arm of that statute.[3]
3. Heretofore we have considered 14.065 in a different factual setting. Certain-Teed Prods. v. District Court, supra. We there noted that the broad language used in the statute discloses a legislative intention to reach the outer limits of federal constitutional due process. The criteria for in personam jurisdiction over an out-of-state defendant based upon a single act within the forum state was delineated. The defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. The cause of action must arise from the consequences in the forum state of the defendant's activities, and those activities, or the consequences thereof, must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.
Applying such criteria to the facts before us, we find that National is amenable to process under 14.065 and if proper service upon it is made under that statute, the court below will acquire jurisdiction to decide this controversy. In addition to the landmark case of McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), we believe that the underlying rationale of the following cases support our conclusion. Wolfman v. Modern Life Ins. Co., 352 Mass. 356, 225 N.E.2d 598 (1967); Zacharakis v. Bunker Hill Mutual Ins. Co., 281 App.Div. 487, 120 N.Y.S.2d 418 (1953); Aero Associates Inc. v. La Metropolitana, 183 F. Supp. 357 (D.C.N.Y. 1960); Ross v. American Income Life Ins. Co., 232 S.C. 433, 102 S.E.2d 743 (1958).
When National accepted the premium payment sent by its insured from Nevada, and then renewed the existing policy by sending a declaration page specifying the insured's address to be in this state and that her automobile would be garaged here, it contracted to insure a "person, property or risk located within this state" within the contemplation of 14.065(2)(d). The renewal *54 was intentionally and purposefully accomplished with the insured in Nevada. When accomplished, National knew of the contingent possibility that a claim against the policy would arise because of an occurrence within this state. The exercise of jurisdiction over National is reasonable. This, we think, is established by the mere fact that National had obligated itself to defend any action against its insured, in Nevada or elsewhere, under the liability coverage provisions of its policy. It was willing to assume that obligation as a matter of contract. Surely, the burden upon it is no greater when the insured makes claim to the benefits of uninsured motorist coverage.
This appeal, which we have treated as a petition for mandamus, is denied.
GUNDERSON, C.J., and BATJER, ZENOFF and MOWBRAY, JJ., concur.
NOTES
[1] NRS 685B.050: "1. Any act of transacting an insurance business as set forth in NRS 685B.030 by any unauthorized insurer is equivalent to and shall constitute an irrevocable appointment by such insurer, binding upon him, his executor or administrator, or successor in interest if a corporation, of the commissioner or his successor in office, to be the true and lawful attorney of such insurer upon whom may be served all lawful process in any action, suit or proceeding in any court by the commissioner or by the state and upon whom may be served any notice, order, pleading or process in any proceeding before the commissioner and which arises out of transacting an insurance business in this state by such insurer. Any act of transacting an insurance business in this state by any unauthorized insurer shall be signification of its agreement that any such lawful process in such court action, suit or proceeding and any such notice, order, pleading or process in such administrative proceeding before the commissioner so served shall be of the same legal force and validity as personal service or process in this state upon such insurer.

"2. Service of process in such action shall be made by delivering to and leaving with the commissioner, or some person in apparent charge of his office, two copies thereof and by payment to the commissioner of the fee prescribed by law. Service upon the commissioner as such attorney shall be service upon the principal.
"3. The commissioner shall forthwith forward by certified mail one of the copies of such process or such notice, order, pleading or process in proceedings before the commissioner to the defendant in such court proceeding or to whom the notice, order, pleading or process in such administrative proceeding is addressed or directed at its last-known principal place of business and shall keep a record of all process so served on him which shall show the day and hour of service. Such service is sufficient, provided:
(a) Notice of such service and a copy of the court process or the notice, order, pleading or process in such administrative proceeding are sent within 10 days thereafter by certified mail by the plaintiff or the plaintiff's attorney in the court proceeding or by the commissioner in the administrative proceeding to the defendant in the court proceeding or to whom the notice, order, pleading or process in such administrative proceeding is addressed or directed at the last-known principal place of business of the defendant in the court or administrative proceeding.
(b) The defendant's receipt or receipts issued by the post office with which the letter is certified, showing the name of the sender of the letter and the name and address of the person or insurer to whom the letter is addressed, and an affidavit of the plaintiff or the plaintiff's attorney in court proceeding or of the commissioner in administrative proceeding, showing compliance therewith are filed with the clerk of the court in which such action, suit or proceeding is pending or with the commissioner in administrative proceedings, on or before the date the defendant in the court or administrative proceedings is required to appear or respond thereto, or within such further time as the court or commissioner may allow."
[2] NRS 685B.010: "The purpose of this chapter is to subject certain persons and insurers to the jurisdiction of the commissioner and the courts of this state in suits by or on behalf of the state. The legislature declares that it is concerned with the protection of residents of this state against acts by insurers not authorized to do an insurance business in this state, by the maintenance of fair and honest insurance markets, by protecting authorized insurers which are subject to regulation from unfair competition by unauthorized insurers, and by protecting against the evasion of the insurance regulatory laws of this state. In furtherance of such state interest, the legislature provides methods in this chapter for substituted service of process upon such insurers in any proceeding, suit or action in any court and substituted service of any notice, order, pleading or process upon such insurers in any proceeding by the commissioner to enforce or effect full compliance with the insurance laws of this state. In so doing, the state exercises its powers to protect residents of this state and to define what constitutes transacting an insurance business in this state, and also exercises powers and privileges available to this state by virtue of Public Law 79-15, (1945), 79th Congress of the United States, Chapter 20, 1st Sess., S. 340, 59 Stat. 33; 15 U.S.C. §§ 1011 to 1015, inclusive, as amended, which declares that the business of insurance and every person engaged therein shall be subject to the laws of the several states."
[3] NRS 14.065, in pertinent part, reads: "1. Personal service of summons upon a party outside this state is sufficient to confer upon a court of this state jurisdiction of the person of the party so served if: (a) Such service is made by delivering a copy of the summons, together with a copy of the complaint, to the party served in the manner provided by statute or rule of court for service upon a person of like kind within this state; and (b) Such party has submitted himself to the jurisdiction of the courts of this state in a manner provided by this section.

"2. Any person who ... does any of the acts enumerated in this subsection thereby submits himself ... to the jurisdiction of the courts of this state as to any cause of action which arises from the doing of such acts:
(a) Transacting any business ... within this state;
(b) ...
(c) ...
(d) Contracting to insure any person, property or risk located within this state at the time of contracting."