CONSIPIO HOLDING, BV, a Corporation Organzied Under the Laws of the Netherlands; ILAN BUNIMOVITZ, an Individual; TISBURY SERVICES, INC., a Corporation Organized Under the Laws of the British Virgin Islands; and CLAUDIO GIANASCIO, an Individual, Appellants, v. JOHAN CARLBERG; PETER DIXINGER; BO RODEBRANT; JOHAN GILLBORG; and PHILIP CHRISTMAS, Respondents.

No. 58128

August 9, 2012

282 P.3d 751

*Lionel Sawyer & Collins* and *Meredith L. Markwell* and *Charles H. McCrea, Jr.*, Las Vegas, for Appellants.

*Laxalt & Nomura, Ltd.*, and *Justin C. Vance* and *Robert A. Dotson*, Reno, for Respondents.

# OPINION

By the Court, GIBBONS, J.:

In this appeal, we consider whether Nevada courts can properly exercise personal jurisdiction over nonresident officers and directors who directly harm a Nevada corporation. We conclude that they can. Here, the district court failed to conduct adequate factual analysis to determine whether it could properly exercise personal jurisdiction over the respondents before dismissing the complaint against them. Accordingly, we vacate the dismissal order and remand this matter to the district court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Appellants Consipio Holding, BV; Ilan Bunimovitz; Tisbury Services, Inc.; and Claudio Gianascio (collectively, Consipio) are shareholders of Private Media Group, Inc. (PRVT). In August 2010, Consipio filed a complaint in the Nevada district court, seeking injunctive relief and the appointment of a receiver for PRVT. Consipio also asserted derivative claims on behalf of PRVT against PRVT's former CEO and president, Berth H. Milton, Jr.,[1] and against officer and director respondents Johan Carlberg (PRVT director), Peter Dixinger (PRVT director), Bo Rodebrant (PRVT director), Johan Gillborg (former PRVT CFO), and Philip Christmas (PRVT subsidiary CFO). The claims focus on respondents' alleged conduct in assisting Milton, Jr., to financially harm PRVT for their personal gain. The complaint alleges that respondents assisted Milton, Jr., in obtaining significant loans for himself and entities he controls. It further states that respondents have failed to

---

[1]Milton, Jr., is not a party to this appeal.

demand repayment on these loans and that they have helped Milton, Jr., in removing funds from PRVT and concealing the wrongdoing. Given these allegations, Consipio contends that respondents collectively have been guilty of misfeasance, malfeasance, and breach of their fiduciary duties.

PRVT is incorporated in Nevada with its principal place of business in Spain. Respondents are all citizens and residents of European nations. Only three of the respondents, Dixinger, Carlberg, and Gillborg, have visited Nevada in the past. Dixinger visited Nevada in order to consult with attorneys in preparation for this matter, and Carlberg and Gillborg each visited Nevada once several years ago for personal reasons. Citing a lack of contacts with Nevada, each of the respondents moved to dismiss the action against them for lack of personal jurisdiction. Without conducting an evidentiary hearing, the district court granted their motions and certified its dismissal orders as final under NRCP 54(b).

Consipio now appeals, contending that the district court erred in granting respondents' motions to dismiss for lack of personal jurisdiction. Consipio contends that respondents' conduct created sufficient minimum contacts with Nevada and that NRS 78.135(1) confers jurisdiction over nonresident officers and directors who violate their corporate authority. We conclude that a district court can exercise personal jurisdiction over nonresident officers and directors who directly harm a Nevada corporation.[2]

## DISCUSSION

When a party challenges personal jurisdiction, the plaintiff typically has the burden of producing evidence that establishes a prima facie showing of jurisdiction. *See Trump v. District Court*, 109 Nev. 687, 692, 857 P.2d 740, 743 (1993). "[A] plaintiff may make a prima facie showing of personal jurisdiction prior to trial and then prove jurisdiction by a preponderance of the evidence at trial." *Id.* We review a district court's order dismissing for lack of personal jurisdiction de novo. *Baker v. Dist. Ct.*, 116 Nev.

---

[2]Consipio also contends that the fiduciary shield doctrine does not protect the respondents from being subject to personal jurisdiction in Nevada. "Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 520 (9th Cir. 1989). In *Davis*, the Ninth Circuit Court of Appeals noted that the fiduciary shield doctrine does not limit jurisdiction in states that have statutes that extend jurisdiction to the limits of due process. *Id.* at 522. Because the Nevada long-arm statute extends jurisdiction to the limits of due process, we agree that the fiduciary shield doctrine does not apply. *See* NRS 14.065(1).

527, 531, 999 P.2d 1020, 1023 (2000); *see CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).

*A district court can exercise personal jurisdiction over nonresident officers and directors who directly harm a Nevada corporation*

Nevada's long-arm statute permits personal jurisdiction over a nonresident defendant unless the exercise of jurisdiction would violate due process. NRS 14.065(1). "Due process requires 'minimum contacts' between the defendant and the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Trump*, 109 Nev. at 698, 857 P.2d at 747 (quoting *Mizner v. Mizner*, 84 Nev. 268, 270, 439 P.2d 679, 680 (1968)). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The parties agree that specific, not general, personal jurisdiction is at issue here. A court may exercise specific personal jurisdiction over a defendant only when "the cause of action arises from the defendant's contacts with the forum." *Trump*, 109 Nev. at 699, 857 P.2d at 748. Specific personal jurisdiction is appropriate when the defendant has "purposefully established minimum contacts" such that jurisdiction would "comport with 'fair play and substantial justice.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Internat. Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). To exercise specific personal jurisdiction over a nonresident defendant,

> [t]he defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. The cause of action must arise from the consequences in the forum state of the defendant's activities, and those activities, or the consequences thereof, must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Jarstad v. National Farmers Union*, 92 Nev. 380, 387, 552 P.2d 49, 53 (1976).

Questions involving personal jurisdiction mandate an inquiry into whether it is " 'reasonable . . . to require [the defendant] to defend the particular suit [in the jurisdiction where it is brought].' " *Trump*, 109 Nev. at 701, 857 P.2d at 749 (first and second alterations in original) (quoting *World-Wide Volkswagen*

*Corp.*, 444 U.S. at 292). Factors to consider in determining whether assuming personal jurisdiction is reasonable include:

> (1) "the burden on the defendant" of defending an action in the foreign forum, (2) "the forum state's interest in adjudicating the dispute," (3) "the plaintiff's interest in obtaining convenient and effective relief," (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and (5) the "shared interest of the several States in furthering fundamental substantive social policies."

*Emeterio v. Clint Hurt and Assocs.*, 114 Nev. 1031, 1036-37, 967 P.2d 432, 436 (1998) (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 292).

A corporation that is incorporated in Nevada is a Nevada citizen. *Quigley v. C. P. R. R. Co.*, 11 Nev. 350, 357 (1876) ("[A] corporation is a citizen of the state where it is created."). When officers or directors directly harm a Nevada corporation, they are harming a Nevada citizen. By purposefully directing harm towards a Nevada citizen, officers and directors establish contacts with Nevada and "affirmatively direct[ ] conduct" toward Nevada. *Trump*, 109 Nev. at 700, 857 P.2d at 748. Further, officers or directors "caus[e] important consequences" in Nevada when they directly harm a Nevada corporation. *See Jarstad*, 92 Nev. at 387, 552 P.2d at 53. When a cause of action arises out of an officer's or director's purposeful contact with Nevada, a district court can exercise personal jurisdiction over that officer or director. *See id.*

Respondents rely on the United States Supreme Court's holding in *Shaffer v. Heitner* to assert that allowing a district court to exercise personal jurisdiction over them would offend due process. 433 U.S. 186 (1977). However, *Shaffer* does not prohibit a state court from exercising jurisdiction over nonresident officers and directors who directly harm a corporation that is incorporated in that state, even when the state does not have a director consent statute.[3] In *Shaffer*, the plaintiffs filed a complaint in Delaware against a Delaware corporation's directors who exposed the corporation to claims of third parties in another state. *Id.* at 189-90. The cause of action arose from activities that took place outside Delaware. *Id.* at 190. The plaintiffs asserted that Delaware courts could exercise personal jurisdiction given the presence of the defendant's property in the jurisdiction. *Id.* at 213. However, the United States Supreme Court held that the directors were not subject to personal jurisdiction in Delaware because the property was not the matter of the lit-

---

[3]A director consent statute notices directors that by accepting a position as a director of a corporation, the director consents to service of process in that jurisdiction. *See, e.g.*, Del. Code Ann. tit. 10, § 3114 (Supp. 2010).

igation and the plaintiff did not "identify any act related to his cause of action as having taken place in Delaware." *Id.* at 213. The Court also noted that Delaware did not have a director consent statute that would treat the acceptance of election as a director as consent to jurisdiction in Delaware. *Id.* at 214-15.

Unlike the directors in *Shaffer*, the complaint in this case does not assert that respondents are harming a corporation by opening it up to liability in other jurisdictions; rather, they allegedly are causing direct harm to a Nevada citizen in Nevada for personal gain. Officers or directors who directly harm a Nevada corporation are affirmatively directing conduct toward Nevada, and by doing so can be subject to personal jurisdiction even without a director consent statute. *See DeCook v. Environmental Sec. Corp., Inc.*, 258 N.W.2d 721, 728-30 (Iowa 1977) (holding that the exercise of personal jurisdiction over a domestic corporation's nonresident directors did not violate due process despite Iowa's lack of a director consent statute). Thus, a district court can exercise personal jurisdiction over nonresident officers and directors who directly harm a Nevada corporation.[4]

This case is further distinguishable from *Shaffer*, as here there is statutory support for allowing a district court to exercise personal jurisdiction over a nonresident officer or director. NRS 78.135(1) authorizes lawsuits "against the officers or directors of the corporation for violation of their authority."[5]

Statutory interpretation is a question of law that we review de novo. *Sims v. Dist. Ct.*, 125 Nev. 126, 129-30, 206 P.3d 980, 982 (2009). When a statute is clear and unambiguous, this court gives effect to the plain and ordinary meaning of the words and does not resort to the rules of construction. *Firestone v. State*, 120 Nev. 13, 16, 83 P.3d 279, 281 (2004).

NRS 78.135(1) not only authorizes suits, but also provides notice to officers and directors that they are subject to derivative suits

---

[4]We note that after the district court determines that an officer or director directly harmed a Nevada corporation, it must also determine whether it is reasonable to exercise personal jurisdiction. *Trump*, 109 Nev. at 701, 857 P.2d at 749.

[5]NRS 78.135(1) states in its entirety:

The statement in the articles of incorporation of the objects, purposes, powers and authorized business of the corporation constitutes, as between the corporation and its directors, officers or stockholders, an authorization to the directors and a limitation upon the actual authority of the representatives of the corporation. Such limitations may be asserted in a proceeding by a stockholder or the State to enjoin the doing or continuation of unauthorized business by the corporation or its officers, or both, in cases where third parties have not acquired rights thereby, or to dissolve the corporation, or in a proceeding by the corporation or by the stockholders suing in a representative suit against the officers or directors of the corporation for violation of their authority.

for violation of their authority.[6] By providing this notice, NRS 78.135(1) provides an officer or director the understanding that by violating their authority as a Nevada corporation's officer or director, they are subject to an action under Nevada's laws in Nevada. Thus, NRS 78.135(1) not only authorizes lawsuits against officers and directors for violating their authority, but it supports a district court's authority to exercise personal jurisdiction over officers and directors in such lawsuits.[7] Therefore, unlike *Shaffer*, there is statutory authority here to support a district court's exercise of personal jurisdiction over nonresident officers and directors.

The district court held hearings based on the motions to dismiss where it granted the motions, stating that an individual's position as a Nevada corporation's director does not automatically subject that individual to jurisdiction in Nevada. While we agree with this statement, the district court needed to conduct further factual analysis in order to determine whether the respondents' conduct subjected them to jurisdiction in Nevada. On remand, the district court must conduct further factual analysis in order to determine whether it can exercise personal jurisdiction over the respondents.

## CONCLUSION

A district court can exercise personal jurisdiction over nonresident officers and directors who directly harm a Nevada corporation. In light of this opinion, the district court must further analyze the respondents' conduct and contacts with Nevada. Accordingly, we vacate the district court order and remand this matter for further proceedings.

CHERRY, C.J., and DOUGLAS, SAITTA, PICKERING, HARDESTY, and PARRAGUIRRE, JJ., concur.

---

[6]NRS 78.135(1) notes that ''[t]he statement in the articles of incorporation of the objects, purposes, powers and authorized business of the corporation constitutes'' a corporate director's authority. A corporation's bylaws and a state's laws also establish a director's authority. 18B Am. Jur. 2d *Corporations* § 1289 (2004). A corporate officer's or agent's authority is established by a corporation's board of directors. *Id.* § 1316. However, the authority may not include acts that a state's laws or a corporation's articles of incorporation or bylaws forbid. *Id.*; *see* NRS 78.135(1) (noting that the articles of incorporation acts as a limitation on the actual authority of a corporation's representative).

[7]The Delaware Legislature has enacted a director consent statute, which states that when a nonresident accepts election or appointment as a director, trustee, or member of a governing body of a corporation, the nonresident consents to jurisdiction in Delaware in an action for a violation of his or her duty in such capacity. Del. Code Ann. tit. 10, § 3114 (Supp. 2010). Although we conclude that NRS 78.135(1) supports a district court's exercise of personal jurisdiction over officers and directors who violate their authority, we note that our Legislature would need to modify NRS 78.135(1) in order for it to have the same scope as Delaware's director consent statute.