An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ASIARIM CORPORATION, A NEVADA CORPORATION, FOR ITSELF AND ON BEHALF OF ITS SUBSIDIARIES AND SHAREHOLDERS, INCLUDING, ASIARIM UK LIMITED; COMMODORE BRAND IP LIMITED; ASCENDA CORPORATION; NEWTONE & PARTNERS LIMITED; MITEX GROUP LIMITED; REUNITE INVESTMENTS INC.; SIMPLE SECURITIES; AND CYBERSONIC INDUSTRIES LIMITED, Appellants,

vs.

JOANNES COENRADES MARIA HOVERS; EUGENE VAN OS; ALBERTUS WILHELMUS MARIA EBBEN; AND JAN HOOGSTRATE, Respondents.

No. 65453

**FILED**

SEP 2 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order dismissing the complaint for lack of personal jurisdiction over the defendants in a tort action. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

On appeal, Asiarim argues that the district court erred in granting the defendants' motions to dismiss for lack of specific personal jurisdiction. In deciding whether exercising specific personal jurisdiction is appropriate, this court considers a three-prong test:

> [1] [t]he defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. [2] The cause of action must arise from the

15-29277

consequences in the forum state of the defendant's activities, and [3] those activities, or the consequences thereof, must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Consipio Holding, BV v. Carlberg*, 128 Nev., Adv. Op. 43, 282 P.3d 751, 755 (2012) (quotation omitted).

With regard to Joannes Hovers and Eugene Van Os, we conclude that the district court correctly found that Asiarim satisfied the first two prongs of the specific personal jurisdiction test. *See id.* at 755 (concluding that a plaintiff satisfies the first two prongs of the specific personal jurisdiction test by alleging that an out-of-state officer or director intentionally harmed a Nevada corporation). However, as to the third prong—reasonableness—we conclude that the district court erred in finding that exercising personal jurisdiction over Hovers and Van Os would be unreasonable without first conducting an evidentiary hearing. Given the complexities of this case, and Hovers' and Van Os' connection to Asiarim, an evidentiary hearing is necessary for the district court to adequately analyze the reasonableness factors set forth in *Consipio*. *Id.* Accordingly, we reverse the district court's order and remand this case for jurisdictional discovery and an evidentiary hearing regarding the reasonableness of the district court exercising personal jurisdiction over Hovers and Van Os.

With regard to Albertus Ebben and Jan Hoogstrate, we conclude that the district court correctly found that Asiarim did not satisfy the first two prongs of the specific personal jurisdiction test. *See Walden v. Fiore*, ___, U.S. ___, ___, ___, 134 S. Ct. 1115, 1122, 1125 (2014) (concluding that causing an "injury to a forum resident is not a sufficient

connection to the forum," and "the plaintiff cannot be the only link between the defendant and the forum"). Thus, the district court did not err in granting Ebben's and Hoogstrate's motion to dismiss for lack of personal jurisdiction.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART, AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Elissa F. Cadish, District Judge
       Law Offices of Anthony D. Guenther, Esq.
       Fennemore Craig Jones Vargas/Reno
       Laxalt & Nomura, Ltd./Reno
       Eighth District Court Clerk

---

[1]We have considered the parties remaining arguments and conclude that they are without merit.