**133 Nev., Advance Opinion 26**
IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE BEATRICE B. DAVIS FAMILY HERITAGE TRUST, DATED JULY 28, 2000, AS AMENDED ON FEBRUARY 24, 2014. | No. 68542 |

FILED

MAY 25 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

CHRISTOPHER D. DAVIS,
Appellant,
vs.
CAROLINE DAVIS; DUNHAM TRUST COMPANY; STEPHEN K. LEHNARDT; TARJA DAVIS; WINFIELD B. DAVIS; ACE DAVIS; AND FHT HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondents.

No. 68948

CHRISTOPHER D. DAVIS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE GLORIA STURMAN, DISTRICT JUDGE,
Respondents,
and
CAROLINE DAVIS,
Real Party in Interest.

Petition for rehearing of an en banc opinion in a consolidated appeal from an order confirming appointment of a trustee and original petition for a writ of prohibition or mandamus in a trust matter. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

 

*Petition for rehearing granted; appeal dismissed; writ petition denied.*

Goodsell & Olsen and Michael A. Olsen and Thomas R. Grover, Las Vegas,
for Christopher D. Davis.

Solomon Dwiggins & Freer, Ltd., and Joshua M. Hood and Mark A. Solomon, Las Vegas,
for Caroline Davis.

Lee, Hernandez, Landrum, Garofalo and Charlene N. Renwick, Las Vegas,
for Dunham Trust Company.

Clear Counsel Law Group and Jonathan W. Barlow, Henderson,
for Stephen K. Lehnardt.

FHT Holdings, LLC, Las Vegas,
in Pro Se.

Ace Davis, Wakayama, Japan,
in Pro Se.

Tarja Davis, Los Angeles, California,
in Pro Se.

Winfield B. Davis, Wakayama, Japan,
in Pro Se.

---

BEFORE THE COURT EN BANC.[1]

---

[1]The Honorable Lidia S. Stiglich, Justice, did not participate in the decision of this matter.

## OPINION

By the Court, GIBBONS, J.:

On January 26, 2017, this court issued an opinion examining a district court order accepting jurisdiction over a trust with a situs in Nevada and finding personal jurisdiction over an investment trust adviser (ITA). We ultimately dismissed appellant Christopher Davis' appeal and denied his original writ petition. We now grant Christopher's petition for rehearing to clarify an issue in the prior opinion: whether accepting a role as an ITA pursuant to NRS 163.5555 constitutes sufficient minimum contacts with Nevada to give rise to specific personal jurisdiction. We thus withdraw the January 26 opinion and issue this opinion in its place.

In this appeal and petition, we are asked to interpret (1) whether NRS 155.190(1)(h) grants this court appellate jurisdiction over all matters in an order instructing or appointing the trustee or if the statute only grants this court appellate jurisdiction over the instruction or appointment of the trustee, and (2) whether Nevada courts may exercise specific personal jurisdiction over persons accepting a position as an ITA in Nevada under NRS 163.5555. We conclude (1) NRS 155.190(1)(h) only grants this court appellate jurisdiction over the portion of an appealed order instructing or appointing a trustee, and (2) Nevada courts may exercise specific personal jurisdiction over persons accepting a position as an ITA under NRS 163.5555 should a suit arise out of a decision or action done while acting as an ITA. Accordingly, we dismiss Christopher Davis' appeal and deny his writ petition.

### FACTS AND PROCEDURAL HISTORY

On July 28, 2000, Beatrice Davis, a Missouri resident, established the Beatrice B. Davis Family Heritage Trust (the FHT), under

Supreme Court
of
Nevada

(O) 1947A

Alaska law, with the trust situs in the state of Alaska. The FHT was initially funded with a $35 million life insurance policy. Beatrice Davis died in January 2012.

On October 30, 2013, the trustee, Alaska USA Trust Company (AUTC), sent a letter of resignation indicating that its resignation would become official on December 5, 2013, or upon the appointment of a new trustee, whichever was earlier. On February 24, 2014, the trust protector executed the first amendment to the FHT, which transferred the trust situs to the state of Nevada and appointed appellant/petitioner Christopher Davis, Beatrice Davis' son, as the investment trust adviser (ITA). At the same time, AUTC signed a letter acknowledging that it was currently serving as trustee and agreeing to the transfer of situs and the appointment of the Dunham Trust Company (DTC) as the successor trustee.[2] Thereafter, the FHT created a Nevada limited liability corporation (FHT Holdings) and appointed Christopher as the sole manager.

On August 26, 2014, respondent and real party in interest Caroline Davis, Christopher's sister and a beneficiary of the FHT, requested information related to the activities of the FHT and FHT Holdings. When Christopher failed to produce the information in his role as the ITA and manager of FHT Holdings, Caroline filed a petition for the district court to assume jurisdiction over the FHT. The district court

---

[2]Despite the lapse in time between AUTC's resignation and the execution of the first amendment, we conclude the parties consented to the transfer of the FHT's situs from Alaska to Nevada.

issued an order assuming jurisdiction over the FHT under a constructive trust theory, assuming jurisdiction over Christopher as ITA, and confirming DTC as trustee. Christopher filed a notice of appeal. Thereafter, Caroline filed a motion to amend or modify the initial order, and the district court later certified its intent that, if remanded, it would assume jurisdiction over the FHT and Christopher as the ITA. Christopher then filed an emergency writ petition. This court issued an order remanding the appeal to the district court to amend its order.

On December 31, 2015, the district court issued an amended order, which clarified that in its initial order it assumed jurisdiction over the FHT and found that, because the first amendment was properly executed, the trust situs is in Nevada. The amended order assumed jurisdiction over the FHT under NRS 164.010, found that the court had personal jurisdiction over Christopher as ITA and as the manager of FHT Holdings, and confirmed DTC's appointment as trustee and Christopher's appointment as ITA. Finally, the amended order required Christopher to produce the requested documents and all the information in his possession, custody, or control as the ITA and manager of FHT Holdings.

## DISCUSSION

Christopher challenges the district court's exercise of jurisdiction over him under NRS 163.5555 through both his appeal and writ petition. In his appeal, we must interpret NRS 155.190(1)(h), the statute on which Christopher bases his appeal, to determine whether we have jurisdiction to consider the issues that Christopher raises in his appeal. In his writ petition, we interpret NRS 163.5555's grant of personal jurisdiction over ITAs. This court reviews questions of statutory interpretation de novo. *Zohar v. Zbiegien*, 130 Nev., Adv. Op. 74, 334 P.3d 402, 405 (2014).

*Christopher's appeal of the district court's order assuming jurisdiction over the FHT and over Christopher is beyond the scope of NRS 155.190(1)(h)*

First, we consider the scope of our jurisdiction in an appeal from an order instructing or appointing a trustee under NRS 155.190(1)(h). Christopher argues that, in addition to considering the district court's confirmation of DTC as trustee in the amended order, in an appeal under NRS 155.190(1)(h), we may also consider other issues addressed in the order: here, the district court's assumption of jurisdiction over the FHT and over Christopher as the ITA and as a manager of FHT Holdings, and its order directing Christopher to make the requested disclosures. We disagree.

NRS 155.190(1)(h) provides that "an appeal may be taken to the appellate court of competent jurisdiction . . . within 30 days after the notice of entry of an order: . . . [i]nstructing or appointing a trustee." This court has not yet addressed whether an appeal under NRS 155.190(1)(h) grants this court jurisdiction over all matters included in an order that instructs or appoints a trustee or if such an appeal grants this court jurisdiction only over the instruction or appointment of the trustee. Based on a plain reading of NRS 155.190(1)(h), we conclude that nothing in NRS 155.190(1)(h) expressly grants this court the authority to address the district court's findings of fact or conclusions of law beyond the instruction or appointment of a trustee. In his appeal, Christopher argues that the district court erred in assuming jurisdiction over the trust and over Christopher, and erred in its order directing Christopher to make the requested disclosures. We conclude that such matters are beyond the scope of our appellate jurisdiction under NRS 155.190(1)(h). *See Bergenfield v. BAC Home Loans Servicing, LP*, 131 Nev., Adv. Op. 68, 354 P.3d 1282, 1283 (2015) ("This court's appellate jurisdiction is limited to

appeals authorized by statute or court rule."). Therefore, Christopher's appeal is dismissed.

*Christopher's writ petition is denied because Christopher accepted a position as an ITA and therefore submitted to personal jurisdiction in Nevada under NRS 163.5555*

Next, we consider Christopher's writ petition, challenging whether a person accepting an appointment as a trust adviser under NRS 163.5555 submits to personal jurisdiction in Nevada. Christopher contends that the district court's exercise of jurisdiction over him as ITA is an abuse of discretion warranting extraordinary writ relief.[3]

This court has original jurisdiction to issue writs of mandamus. Nev. Const. art. 6, § 4. "A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion." *Las Vegas Sands Corp. v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 61, 331 P.3d 876, 878 (2014); *see also* NRS 34.160. A writ of prohibition, in turn, may be available "when the district court exceeds its jurisdiction." *Las Vegas Sands*, 130 Nev., Adv. Op. 61, 331 P.3d at 878; *see also* NRS 34.320. "Neither form of relief is available when an adequate and speedy legal remedy exists." *Aspen Fin. Servs., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 635, 639, 289 P.3d 201, 204 (2012). However, even if an adequate legal remedy exists, this court will consider a writ petition if an important

---

[3]Christopher also argues Caroline's mailed notice under NRS 155.010 did not comport with due process. We disagree and conclude Christopher was properly served. We also conclude that the district court's conclusion that it had personal jurisdiction over Christopher as manager of FTC Holdings was not in error.

issue of law needs clarification. *See Diaz v. Eighth Judicial Dist. Court,* 116 Nev. 88, 93, 993 P.2d 50, 54 (2000). We have not previously interpreted NRS 163.5555 and conclude this is an important issue of law in need of clarification. Accordingly, we exercise our discretion to consider this issue in Christopher's writ petition.

Christopher argues that the district court may not exercise personal jurisdiction over him because, despite accepting a position as an ITA for a trust with a situs in Nevada, he is a nonresident and doing so would offend traditional notions of fair play and substantial justice. We disagree.

NRS 163.5555 provides:

> If a person accepts an appointment to serve as a trust protector or a trust adviser of a trust subject to the laws of this State, the person submits to the jurisdiction of the courts of this State, regardless of any term to the contrary in an agreement or instrument. A trust protector or a trust adviser may be made a party to an action or proceeding arising out of a decision or action of the trust protector or trust adviser.[4]

An exercise of personal "[j]urisdiction over a nonresident defendant is proper only if the plaintiff shows that the exercise of jurisdiction satisfies the requirements of Nevada's long-arm statute and does not offend principles of due process." *Viega GmbH v. Eighth Judicial*

---

[4]Christopher argues the second sentence of the statute grants only in rem jurisdiction over an ITA. We disagree. We conclude that, when read in its entirety, the statute grants courts in personam jurisdiction over a nonresident ITA, subject to the rigors of minimum contacts analysis.

*Dist. Court*, 130 Nev., Adv. Op. 40, 328 P.3d 1152, 1156 (2014). NRS 14.065, Nevada's long-arm statute, "reaches the constitutional limits of due process under the Fourteenth Amendment, which requires that the [nonresident] defendant have such minimum contacts with the state that the [nonresident] defendant could reasonably anticipate being haled into court [in Nevada], thereby complying with traditional notions of fair play and substantial justice." *Id.* (internal quotation marks omitted). "Due process requirements are satisfied if the nonresident defendants' contacts [with Nevada] are sufficient to obtain either (1) general jurisdiction, or (2) specific personal jurisdiction and it is reasonable to subject the nonresident defendants to suit here." *Id.*

"A court may exercise general jurisdiction over a [nonresident defendant] when its contacts with the forum state are so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Fulbright & Jaworski LLP v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 5, 342 P.3d 997, 1001-02 (2015) (alteration in original) (internal quotation marks omitted). General jurisdiction analysis "calls for an appraisal of a [defendant's] activities in their entirety, nationwide and worldwide." *Id.* at 1002 (alteration in original) (quoting *Daimler AG v. Bauman*, 571 U.S. ___, ___ n.20, 134 S. Ct. 746, 762 n.20 (2014)).

"Unlike general jurisdiction, specific jurisdiction is proper only where the cause of action arises from the defendant's contacts with the forum." *Id.* (internal quotation marks omitted). More specifically, in order for Nevada courts to exercise specific personal jurisdiction over a nonresident defendant,

> [t]he defendant must purposefully avail himself of
> the privilege of acting in [Nevada] or of causing

important consequences in [Nevada]. The cause of action must arise from the consequences in the forum state of the defendant's activities, and those activities, or the consequences thereof, must have a substantial enough connection with [Nevada] to make the exercise of jurisdiction over the defendant reasonable.

*Consipio Holding, BV v. Carlberg*, 128 Nev. 454, 458, 282 P.3d 751, 755 (2012) (first alteration in original) (quoting *Jarstad v. Nat'l Farmers Union Prop. & Cas. Co.*, 92 Nev. 380, 387, 552 P.2d 49, 53 (1976)).

We conclude Nevada courts may exercise specific personal jurisdiction over persons accepting a position as an ITA in Nevada should the suit "arise[ ] out of a decision or action of the trust protector or trust adviser." NRS 163.5555. Accepting a role as an ITA manifests a defendant's purposeful availment of the privilege of acting in Nevada; where, as here, a suit arises out of a nonresident defendant's role as an ITA, the exercise of specific personal jurisdiction would satisfy the requirements of Nevada's long-arm statute, as well as traditional notions of fair play and substantial justice. Accordingly, we deny Christopher's writ petition.

## CONCLUSION

We conclude that (1) NRS 155.190(1)(h) only grants this court appellate jurisdiction over the instruction or appointment of a trustee, and (2) Nevada courts may exercise specific personal jurisdiction over a person accepting a position as an ITA under NRS 163.5555 should the suit arise

out of a decision or action of that ITA. Therefore, we dismiss Christopher's appeal and deny his writ petition.

_____ , J.
Gibbons

We concur:



_____ , C.J.
Cherry

_____ , J.
Douglas

_____ , J.
Pickering

_____ , J.
Hardesty

_____ , J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A