# IN THE SUPREME COURT OF THE STATE OF NEVADA

FULBRIGHT & JAWORSKI LLP, A
TEXAS LIMITED LIABILITY
PARTNERSHIP; AND JANE MACON, A
TEXAS RESIDENT,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
NANCY L. ALLF, DISTRICT JUDGE,
Respondents,
  and
VERANO LAND GROUP, LP, A
NEVADA LIMITED PARTNERSHIP,
Real Party in Interest.

No. 70059



FILED

JUN 27 2017

## *ORDER DENYING PETITION*

This is an original petition for a writ of prohibition challenging a district court order subjecting petitioners to personal jurisdiction in Nevada.

Verano Land Group (Verano) sued Fulbright & Jaworski LLP (Fulbright) and Jane Macon (collectively petitioners) claiming, among other things, professional negligence and breach of fiduciary duty. Verano, a Nevada limited partnership, had retained Fulbright, a Texas LLC, as legal counsel for its real estate development project in San Antonio, Texas. Macon, a Texas resident and partner at Fulbright, served as Verano's primary counsel. Although the scope of the work was exclusively for a Texas land deal and the petitioners are domiciled in

Texas, Verano sued the petitioners in Nevada alleging both general and specific personal jurisdiction.

We determined in 2015 that Nevada lacked general jurisdiction over the petitioners and that Verano failed to make a prima facie showing that Nevada had specific jurisdiction. *See Fulbright & Jaworski LLP v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 5, 342 P.3d 997 (2015). We remanded to the district court, however, to make further factual findings regarding two investor meetings that Macon attended on Verano's behalf in Las Vegas. *Id.* at 1005. Specifically, we noted that "although the investor attested to Macon soliciting additional investment funds, Verano's complaint contains no allegation that any additional funds were raised as a result of Macon's solicitations." *Id.*

On remand, the district court heard evidence regarding the petitioners' contacts in Nevada and found that Nevada had specific jurisdiction over the petitioners. The district court specifically found that "at least $480,000 was invested in Verano after the Las Vegas meetings . . . in at least partial reliance on the legal advice and analysis of Jane Macon at those Las Vegas meetings." The district court also made many other factual findings to support its conclusion that personal jurisdiction was proper.[1] The district court concluded that Verano had

_____

[1] The district court found, among other things, (1) that Macon's involvement in the two meetings, including the work she put in to prepare for the two meetings was substantial; (2) Macon knew, prior to traveling to Las Vegas, that at least a portion of any additional funds raised would be used to pay her outstanding legal fees; (3) raising the additional funds for Fulbright was her main purpose in attending the meetings; (4) Macon withheld information regarding the project from Verano, her client to whom she owed a fiduciary duty, and Verano's investors, including that another company that Fulbright founded may have an ownership interest
*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

2

demonstrated that Macon and Fulbright owed Verano a fiduciary duty, including to be open and honest, and that Macon's actions in Las Vegas gave rise to Verano's breach of fiduciary duty claim. Accordingly, the district court concluded that the petitioners had "a substantial enough connection with Nevada that the assertion of personal jurisdiction [was] reasonable."

The petitioners again ask this court for a writ of prohibition to prevent the district court from exercising personal jurisdiction. This time, however, we decline to grant such relief because the district court's decision came after an evidentiary hearing and we defer to the district court's factual findings.

## DISCUSSION

*A writ of prohibition is the proper remedy to challenge a district court order denying a motion to dismiss for lack of personal jurisdiction.*

"A writ of prohibition is available to arrest or remedy district court actions taken without or in excess of jurisdiction." *Fulbright*, 131 Nev., Adv. Op. 5, 342 P.3d at 1001 (quoting *Viega GmbH v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 40, 328 P.3d 1152, 1156 (2014)). This court only exercises its discretion to consider a petition for an extraordinary writ of prohibition "when there is no plain, speedy, and adequate remedy in the ordinary course of law." *Id.* "While an appeal is generally considered to be an adequate legal remedy precluding writ

---

*...continued*
in the project; (5) Macon's presentation induced the investors to contribute more money; (6) Macon's PowerPoint presentation contained legal analysis and opinion; (7) Macon responded to one investor's several questions by offering to speak privately, rather than in front of the other investors; and (8) at least $480,000 was invested after the two Las Vegas meetings.

relief, . . . the right to appeal is inadequate to correct an invalid exercise of personal jurisdiction over a defendant." *Id.* (internal citations omitted).

*The district court properly concluded that Nevada has specific personal jurisdiction based on the facts it found during the evidentiary hearing.*

Verano argues that the district court conducted a long evidentiary hearing on remand and that this court should give deference to its factual findings. It also argues that Macon's omissions at the investor meetings are part of the breach of fiduciary duty claim and, therefore, they give rise to personal jurisdiction. We agree.

We review "de novo a district court's determination of personal jurisdiction." *Fulbright*, 131 Nev., Adv. Op. 5, 342 P.3d at 1001. A district court's factual findings, however, are entitled to deference and we will not disturb them on appeal so long as they are supported by substantial evidence and not clearly erroneous. *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012).

The plaintiff bears the burden of demonstrating that Nevada may exercise jurisdiction. *Fulbright*, 131 Nev., Adv. Op. 5, 342 P.3d at 1001. An exercise of personal jurisdiction over an out-of-state defendant must satisfy both Nevada's long-arm statute and constitutional due process. *Id.*; *see* NRS 14.065. Constitutional due process requires that an out-of-state defendant must have "sufficient minimum contacts with the forum state so that subjecting the defendant to the state's jurisdiction will not offend the traditional notions of fair play and substantial justice." *Fulbright*, 131 Nev., Adv. Op. 5, 342 P.3d at 1001 (internal quotation marks omitted).

Specific jurisdiction occurs when "the cause of action arises from the defendant's contacts with the forum." *Id.* at 1002 (internal quotation marks omitted). For a Nevada court to exercise specific

jurisdiction, an out-of-state defendant must "purposefully avail himself of the privilege of acting in [Nevada] or of causing important consequences [therein]." *Id.* (quoting *Consipio Holding, BV v. Carlberg*, 128 Nev. 454, 458, 282 P.3d 751, 755 (2012)). The purpose of this policy is to ensure that such an exercise over an out-of-state defendant is reasonable. *Id.*

In *Fulbright*, we concluded that the petitioners are not subject to general jurisdiction. 131 Nev., Adv. Op. 5, 342 P.3d at 1001-02. Our conclusion has not changed. We also concluded that Verano had not met its burden, at that point, to demonstrate specific jurisdiction. *Id.* at 1002-05. After considering the record before us, including the district court's findings of fact to which we show deference, we conclude that the district court did not err in making its finding of specific personal jurisdiction.

On remand, the district court conducted an evidentiary hearing to determine what exactly took place between Macon, Verano, and Verano's investors at the two investor meetings in Las Vegas and whether Macon's actions satisfied the minimum contacts test to establish specific personal jurisdiction. Based on its many findings, it concluded that exercising personal jurisdiction was reasonable. We agree.

At its heart, the attorney client relationship is "one of the most abundant good faith, requiring absolute perfect candor, openness and honesty, and the absence of any concealment or deception." *Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 429 (Tex. App. 2009) (internal quotation marks omitted). Attorneys also have a duty to not knowingly make a false statement of material fact or law to any third person. RPC 4.1; Tex. R. Prof'l Conduct 4.01.

Verano's complaint alleges that the petitioners had a duty to act in Verano's best interests and in good faith. Verano also alleges that

the petitioners breached that duty by putting their own interests ahead of their clients' interests by, among other things, misleading Verano's investors at the Las Vegas meetings. The district court found, by a preponderance of the evidence, that Macon misled Verano's investors at those meetings.

The petitioners argue that they owed no such duty to the investors who are neither clients, nor plaintiffs in the instant suit. That argument is unpersuasive RPC 4.1 explicitly forbids attorneys from making "a false statement of material fact or law to a third person." Moreover misleading the investors certainly is not good-faith representation, and it could leave Verano open to unintended consequences, such as legal action by the investors. *See* Restatement (Third) Of Agency § 7.08 (Am. Law Inst. 2006) ("A principal is subject to vicarious liability for a tort committed by an agent in dealing or communicating with a third party on or purportedly on behalf of the principal when actions taken by the agent with apparent authority constitute the tort or enable the agent to conceal its commission."). Therefore, we agree with the district court's conclusion, based upon its factual findings, that Macon's actions in Las Vegas could support, at a minimum, Verano's breach of fiduciary duty claim and the district court correctly found that specific personal jurisdiction exists. Accordingly, we

ORDER the petition DENIED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Nancy L. Allf, District Judge
Snell & Wilmer, LLP/Las Vegas
Snell & Wilmer, LLP/Salt Lake City
Kemp, Jones & Coulthard, LLP
Phipps Anderson Deacon LLP
Sklar Williams LLP
Eighth District Court Clerk