IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| H.E.B., LLC, A NEVADA LIMITED-LIABILITY COMPANY,<br>Appellant,<br>vs.<br>JACKSON WALKER, L.L.P., A TEXAS LIMITED-LIABILITY PARTNERSHIP; RICHARD F. DAHLSON, A/K/A RICK DAHLSON, AN INDIVIDUAL,<br>Respondents. | No. 74218<br><br>FILED<br><br>APR 05 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

## *ORDER OF AFFIRMANCE*

This is an appeal from district court order granting a motion to dismiss for lack of personal jurisdiction. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Appellant H.E.B., LLC (HEB), is a Nevada limited liability company with its principal place of business in Texas. Respondent Jackson Walker, L.L.P. (JW) is a Texas law firm, and respondent Richard F. Dahlson is a partner in the firm. While there is a dispute concerning the existence of an attorney-client relationship, it appears that HEB or one or more of its affiliates retained JW to form a complex "corporate structure" where HEB would act as a holding company for its business ventures.

According to HEB, respondents allegedly schemed to oust an HEB principal from his public position in the company and in two other companies in which HEB had a controlling interest. HEB also claimed that respondents assisted an investor in an attempt take over HEB and three other companies formed in Texas in which HEB had a controlling interest.

19-14837

HEB filed suit against respondents alleging breach of fiduciary duties, claims related to fraudulent acts and improper advice in connection with federal securities, and legal malpractice related to services respondents provided. HEB filed the suit in Nevada, despite HEB and respondents being principally located in Texas. Respondents moved to dismiss, arguing that the district court did not have general or specific personal jurisdiction over them. HEB opposed the motion and filed a countermotion to amend the complaint to add a claim for abuse of process. The district court granted the motion to dismiss after finding that HEB failed to meet its burden of making a prima facie showing that general or specific personal jurisdiction existed. And, because HEB failed to make a prima facie showing or demonstrate how any additional discovery would allow it to defeat the jurisdictional deficiencies, the district court denied as moot HEB's countermotion to amend its complaint.

We review a district court's determination of personal jurisdiction de novo. *Fulbright & Jaworski, LLP v. Eighth Judicial Dist. Court*, 131 Nev. 30, 35, 342 P.3d 997, 1001 (2015). A plaintiff bears the burden of showing that personal jurisdiction over a nonresident defendant exists. *Id.* at 35-36, 342 P.3d at 1001. The exercise of jurisdiction must comport with Nevada's long-arm statute, NRS 14.065, and the Fourteenth Amendment's Due Process Clause. *Id.* at 36, 342 P.3d at 1001. Nevada's long-arm statute encompasses the full extent of federal due process; thus, "our inquiry [here] is confined to whether the exercise of jurisdiction over [respondents] comports with due process." *Id.*

> [A] nonresident defendant must have sufficient minimum contacts with the forum state so that subjecting the defendant to the state's jurisdiction will not offend traditional notions of fair play and substantial justice. Due process requirements are

SUPREME COURT
OF
NEVADA

(O) 1947A

satisfied if the nonresident defendant['s] contacts are sufficient to obtain either (1) general jurisdiction, or (2) specific personal jurisdiction and it is reasonable to subject the nonresident defendant[ ] to suit [in the forum state].

*Id.* (alterations in original) (internal quotation marks and citation omitted).

There are two processes a plaintiff can utilize to respond to a defendant's challenge of personal jurisdiction. *Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 692, 857 P.2d 740, 743 (1993). Under the first process, and the one utilized by HEB, "a plaintiff may make a prima facie showing of personal jurisdiction prior to trial and then prove jurisdiction by a preponderance of the evidence at trial." *Id.* at 692, 857 P.2d at 743. The district court would then "hear[ ] the pretrial jurisdictional motion based on affidavits, depositions, and other discovery materials." *Id.* at 693, 857 P.2d at 744. It will accept "properly supported proffers of evidence by a plaintiff as true," and if the plaintiff makes a prima facie showing, the court will allow the case to proceed and require the plaintiff to prove personal jurisdiction by a preponderance of the evidence at trial. *Id.* The district court determined that HEB failed to make a prima facie showing of either personal specific personal jurisdiction. We agree.

General personal jurisdiction occurs when the nonresident defendant's "contacts with the forum state are so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Fulbright*, 131 Nev. at 36, 342 P.3d at 1001-02 (alternations in original) (internal quotation marks omitted). To support its prima facie showing of general personal jurisdiction over JW, HEB presented evidence to showing that JW has more than 350 attorneys who practice worldwide, and 12 of those attorneys have appeared pro hac vice in Nevada in unrelated cases. HEB also introduced evidence showing that Dahlson had an ownership



interest in a Nevada company and travelled to Nevada to conduct business. However, there is nothing in the record demonstrating that any of JW's attorneys are licensed in Nevada. The record shows that JW has no Nevada offices, and only 0.05 percent of its fee revenue comes from Nevada-based clients. Additionally, Dahlson is not a Nevada resident and, as the district court found, he was not a present owner of a Nevada company and had only travelled to Nevada for occasional personal trips. Accordingly, we conclude that HEB has failed to make a prima facie showing that respondents have such a "continuous and systematic" presence in Nevada that would subject them to general personal jurisdiction. *Fulbright*, 131 Nev. at 36, 342 P.3d at 1001-02.

Nor are we persuaded that HEB met its burden of showing specific personal jurisdiction. "[S]pecific personal jurisdiction is proper only where the cause of action arises from the defendant's contacts with the forum." *Id.* at 37, 342 P.3d at 1002 (internal quotation marks omitted). To make a prima facie showing of specific personal jurisdiction, a plaintiff must demonstrate that the nonresident defendant: (1) purposefully availed itself of the forum, (2) its activities or consequences thereof must be the basis of the cause of action, and (3) "those activities, or consequence thereof, must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." 131 Nev. at 38, 342 P.3d at 1002 (quoting *Consipio Holding, BV v. Carlberg*, 128 Nev. 454, 458, 282 P.3d 751, 755 (2012)). There is no evidence demonstrating that respondents solicited HEB's business in Nevada or that they represented HEB in litigation involving a Nevada-based matter. *See id.* at 40, 342 P.3d at 1004 (stating that there must be "some evidence that the attorney reached out to the client's home forum to solicit the client's business")

(quoting *Newsome v. Gallacher*, 722 F.3d 1257, 1280-81 (10th Cir. 2013)). Moreover, although respondents assisted HEB in its formation as a Nevada corporation, HEB did not assert a cause of action in its complaint or argue in the district court that respondents were negligent in any action associated with the formation of the corporation. All of the malpractice alleged in the complaint occurred in Texas; there is no evidence of any phone calls, meetings, or other contact between HEB and respondents in Nevada. Finally, it would be unreasonable to force respondents to litigate this claim in Nevada. Respondents are primarily located in Texas, and all relevant records would presumably be in Texas where they and HEB have their principle places of business. For the same reason, it would be more efficient to litigate the claim in Texas. *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 516, 134 P.3d 710, 714 (2006) ("Factors relevant to [the reasonableness] inquiry include the burden that the defendant will face in defending claims in Nevada, Nevada's interest in adjudicating those claims, the plaintiffs' interests in obtaining expedited relief, along with interstate considerations such as efficiency and social policy."). We therefore conclude that HEB has also failed to make a prima facie showing that respondents were subject to specific personal jurisdiction.[1]

---

[1]HEB generally argues that the district court erred by finding that additional jurisdictional discovery was not warranted. However, HEB fails to demonstrate specific facts additional jurisdictional discovery would add to HEB's prima facie showing of personal jurisdiction over respondents. HEB further argues that the district court erred in denying its countermotion to amend its complaint to add an abuse of process claim, primarily arguing that JW provided false statements to avoid liability and a finding of personal jurisdiction. We conclude that the district court did not abuse its discretion in denying HEB's countermotion to amend its

Accordingly, because we conclude that HEB has failed to make a prima facie showing of either general or specific personal jurisdiction over respondents, we conclude that the district court did not err in granting respondents' motion to dismiss. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Gloria Sturman, District Judge
Stephen E. Haberfeld, Settlement Judge
Mushkin Cica Coppedge
Holland & Hart LLP/Las Vegas
Eighth District Court Clerk

---

complaint because such an amendment would be futile. *See Gardner v. Eighth Judicial Dist. Court*, 133 Nev., Adv. Op. 89, 405 P.3d 651, 654 (2017) (reviewing a motion to amend for an abuse of discretion); *see also Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 398, 302 P.3d 1148, 1152 (2013) (providing that leave to amend a complaint "should not be granted if the proposed amendment would be futile").

SUPREME COURT
OF
NEVADA

(O) 1947A